BAILEY, administratrix *v.* WILNER.

1. A new trial should not be granted because of a refusal to continue a case merely to allow a party additional time to prepare for trial, when it appears that ample time and opportunity for preparation had elapsed before the case was called for a hearing, and the party seeking the continuance had exercised no diligence whatever in even endeavoring to be ready.

2. The 22d rule of the superior court confers no authority upon a judge to strike the answer of a defendant who, within the time prescribed, moves for a continuance.

3. It being apparent that this writ of error was sued out for delay only, damages are awarded to the defendant in error.

Submitted March 27, — Decided April 24, 1899.

Complaint. Before Judge Atkinson. City court of Brunswick. July 18, 1898.

*Courtland Symmes*, for plaintiff in error.

*D. W. Krauss*, contra.

LUMPKIN, P. J.　Henry D. Wilner brought against Jane H. Bailey as administratrix of the estate of William Knox, deceased, an action upon a promissory note, returnable to the November term, 1896, of the city court of Brunswick. The defendant was duly served, and filed a meritorious answer on November 2, 1896. The case came on for trial May 3, 1897, and upon the plaintiff's announcing ready, Mr. Symmes, as attorney for the defendant, moved for a continuance on the ground that the counsel originally employed by her had, on April 6, 1897, without just cause, abandoned her case, and that consequently she had not had sufficient time to prepare for trial. Mr. Symmes announced that he appeared for the defendant solely for the purpose of asking for a continuance. The court denied his motion; a verdict for the plaintiff was returned, and the defendant thereupon moved for a new trial, complaining that the court erred in refusing to grant the continuance and in not striking the defendant's answer for alleged noncompliance on her part with the 22d rule of the superior court. The motion sets forth no reason why the defendant was not prepared for trial, except that it was "materially necessary for the proper conduct of her defense to sue out interrogatories for witnesses resident beyond the limits of the State and in the State of New York." As to the other point the motion avers that, because of the failure to strike the defendant's answer, there was an adjudication against her of certain matters therein set up, upon which she would have been entitled to a recovery from the plaintiff, whereas if the answer had been stricken there would simply have been a recovery against her upon the note sued upon, leaving open her claim against the plaintiff.

1. The defendant certainly had time, after the 6th of April, to employ another attorney and at least begin to take steps for obtaining testimony. Her answer was already filed, and surely there was no reason why the necessary interrogatories could not at once have been sued out. Indeed it was practicable to do this and have the interrogatories sent to New York and executed and returned before May 3d. But even if, for any reason not made to appear, this could not have been done, she certainly could not, after remaining passive for nearly a month, reasonably expect to be allowed, when the day for trial arrived, a postponement of the hearing in order that she might then commence the work of preparation. There being such an utter want of diligence on her part, the court was clearly right in denying the continuance.

2. We have no difficulty in disposing of the other question presented by the motion for a new trial. The 22d rule of the superior court provides that : "When a case is sounded for trial, the parties shall immediately announce ready, or move to continue ; if five minutes should elapse before the announcement or motion to continue, the plaintiff's case will be dismissed, or the defendant's plea stricken." Civil Code, § 5653. Clearly, this rule is not applicable to the facts of the present case. So far as it relates to defendants, it merely provides that within five minutes after the case is called they must either announce ready or move to continue. If a defendant fails to do either the one or the other, his answer will be stricken ; otherwise, not. Here the defendant did move for a continuance, and the court would not have been justified in striking her answer upon its own motion. Besides, this rule is evidently not designed to confer any benefit whatever upon parties failing to comply with its requirements. On the contrary, its sole purpose is to visit a penalty upon them for non-observance thereof. Furthermore, it would have been an easy matter for the defendant to have withdrawn her answer if, in her opinion, so doing would have been of any advantage to her.

3. This writ of error is so manifestly without merit, we are forced to the conclusion that it must have been sued out for delay only ; and consequently we must hold that the motion

of the defendant in error that damges be awarded is well taken. Civil Code, § 5594.

*Judgment affirmed, with damages. All the Justices concurring.*