## SOUTHERN RAILWAY COMPANY *v.* HOOPER.

1. The building and keeping in repair by a railroad company of a bridge over or an approach to a private crossing is such an invitation to the public to use the same as renders the company liable for injuries resulting from defects negligently permitted to exist or remain in the structure.
2. The charges complained of were substantially in accord with the law above laid down.  It was not erroneous to fail to charge on the subject of contributory negligence and apportionment of damages, there being no request to charge to this effect, and it affirmatively appearing that no such contention was made at the trial.
3. The law of the case having been settled by a previous decision of this court, and the evidence, though conflicting, warranting the verdict, the writ of error is so palpably without merit as to lead to the conclusion that it was sued out for delay only; and damages are accordingly awarded.

Argued April 25,—Decided May 12, 1900.

Action for damages.    Before Judge Harris.    City court of Floyd county.    June term, 1899.

*Shumate & Maddox,* for plaintiff in error.
*Fouche & Fouche* and *Robert L. Chamlee,* contra.

COBB, J.    The evidence in this case was conflicting on many of the material points in issue, but there was evidence to support the finding in favor of the plaintiff.    The case upon the question of liability is absolutely controlled by the decision in

*Central Railroad Co.* v. *Robertson,* 95 *Ga.* 430. The charges complained of were substantially in accord with the law there laid down. There was no error in failing to charge the law in reference to apportioning the damages according to the respective negligence of the parties, there being no request, written or otherwise, to charge on this subject, and it distinctly appearing from the certificate of the judge to the motion for a new trial that no such point was insisted on at the trial. The principles of law stated in the first headnote were well settled. There could be no question as to the applicability of those principles to the facts of this case. The evidence, though conflicting, was amply sufficient to support the verdict. The hope of a reversal under such circumstances could not have been for a moment entertained by one even of the most sanguine temperament. The conclusion that the case was brought here for delay only is irresistible, and damages are acccordingly awarded. *Purity Ice Works* v. *Rountree,* 104 *Ga.* 677; *Bailey* v. *Wilner,* 107 *Ga.* 364; *Collins* v. *Mobile Co.,* 108 *Ga.* 752.

*Judgment affirmed, with damages. All concurring, except Fish, J., absent.*