## LEWIS *v.* THE STATE.

ATKINSON, J. 1. The evidence submitted in support of the motion to continue did not comply with the requirements of the Penal Code, § 962, and was not of such character as to render the ruling of the court refusing the motion an abuse of discretion.

2. Upon the trial of one in the superior court of Berrien county, charged with murder, testimony .to the effect that the offense was committed in Berrien county, although it does not expressly state that it was committed in the State of Georgia, was sufficient to make prima facie proof of venue. In such case, upon proof that the offense was committed in Berrien county, the presumption arises that the county referred to is. in the State of Georgia. *Mitchum* v. *State,* 11 *Ga.* 615. See also *Porter* v. *State,* 76 *Ga.* 658; *Wright* v. *Phillips,* 46 *Ga.* 197.

3. In the absence of a timely written request to charge, it is not cause requiring the grant of a new trial that the judge failed to charge the law with respect to contradictory evidence or with respect to the credibility of witnesses. *Lewis* v. *State,* 125 *Ga.* 48 (53 S. E. 816) ; *Graham* v. *State,* Id.

4. Where, upon the trial of one charged with murder, the court, after giving the definition of murder as contained in the Penal Code, § 60, charged the law upon the subject of malice, substantially in the language of the Penal Code, §§ 61, 62, and also charged that, "in order to constitute the offense of murder, there must be malice," it is not cause requiring the grant of a new trial that the court did not further charge that "there can be no malice without motive."

5. With respect to the crime of voluntary manslaughter, the jury is concerned only with the question of the guilt or innocence of the accused. In case of conviction, the penalty by service in the penitentiary for a term within the limits specified in the statute rests solely within the discretion of the judge. It was not erroneous for the judge to omit to instruct the jury "what would be the result of a conviction of voluntary manslaughter with a recommendation to mercy." See, in this connection, *Meeks* v. *State,* 57 *Ga.* 329 (3).

6. The evidence was sufficient to support the verdict, and we see no cause for the grant of a new trial for any reason assigned.

> *Judgment affirmed. All the Justices concur.*

Submitted November 18,—Decided December 19, 1907.

Indictment for murder. Before Judge Mitchell. Berrien superior court. September 27, 1907.

*W. R. Smith, C. C. Hall,* and *J. C. Smith,* for plaintiff in error. *John C. Hart, attorney-general,* and *W. E. Thomas, solicitor-general,* contra.