SAVANNAH ELECTRIC COMPANY *v.* CRAWFORD.

130　421
f130　600

1. In an action to recover damages done to an automobile, while passing along a public street, by being struck by the car of an electric railway company, where the law upon the question of negligence, both as it affected the plaintiff's right to recover and the right of the defendant to have a verdict rendered in its favor, was substantially and fairly submitted to the jury, and the law in respect to contributory (or comparative) negligence and the reduction or mitigation of damages was not, under the contentions of the parties, directly involved in the case, this court will not reverse the judgment of the trial court overruling a motion for a new trial, because the presiding judge failed to charge the law applicable to such contributory (or comparative) negligence, when there was no request to charge on that subject.

2. Nor, under the facts of the case, was it error requiring a reversal that the court charged that, if the jury found that the plaintiff was entitled to recover, he would be entitled to recover such amount as the jury should determine was reasonable and necessarily incurred as expenses as the direct and proximate result of the collision.

3. If it was desired to discredit the evidence of a witness for the defendant by showing that his testimony delivered on the stand was not in accord with a written report which had been made by .him to the de-

fendant, and which he stated, on cross-examination, he had used to refresh his memory, the report itself was the best evidence of its contents; and it was erroneous to allow counsel for the plaintiff to inquire of the witness if he had made a report to the company which contained any such statement as that to which he was then testifying, and to elicit from the witness an answer that he did not "exactly state that in the accident report."

4. But where, on redirect examination, the written report was handed to the witness and, after an examination of it, evidence was elicited from him by counsel for the defendant, without objection, which showed the contents of the report on the subject under inquiry, and which was not materially different from that which had been brought out on cross-examination, the allowance of the question and answer on cross-examination will not require a reversal.

Argued January 9,—Decided March 27, 1908.

Action for damages.    Before Judge Cann.    Chatham superior court.    June 13, 1907.

Crawford brought suit against the Savannah Electric Railway Company to recover damages, on account of an alleged injury to his person and damage to his automobile resulting from being struck by a street-car of the defendant.    He afterwards abandoned the claim to recover on account of any injury to his person.    He alleged, that he was in the exercise of all ordinary care and diligence, and in nowise contributed to the collision, which was due solely to the negligence and carelessness of the company, its servants and agents, in certain named particulars.

The defendant denied all of the allegations of the petition except that it was a corporation under the laws of this State, with an agency in the city of Savannah, and that it operated and maintained a system of electric railway, as alleged by the plaintiff.    It is also alleged, that "if the plaintiff or his property suffered any damage at all, it was due to his own negligence and want of care, and not to any negligence and want of care upon the part of this defendant."    The evidence for the plaintiff tended to show, that on a rainy day he was passing along a public street in an automobile, with the curtains up; that for some distance the machine was on the street-car track; that finally he turned to go to the place where he intended to stop; that before crossing the track entirely, one of the defendant's cars, approaching from behind, struck the rear wheel of the automobile, injuring it and putting the plaintiff to considerable necessary expense for repairs and for the hire of another machine, which it was necessary for him to use

until the first could be put in order; that the machine could have been seen by the defendant's employee on the car for a long distance before it was struck; and that the car was run at a high rate of speed, in excess of that allowed by the municipal ordinance, and without giving any signal or warning of its approach.

The evidence for the defendant tended to show, that the car was running slowly, within the speed limit permitted by the ordinance; that the bell was rung continuously for some distance; that the plaintiff's automobile was being driven, not on the track but alongside it; that the collision was caused by the machine being turned across the track in front of the car when the latter was very near at hand; that there was no negligence on the part of the defendant's employees, who were unable to stop the car before it struck the automobile. There was no conflict in the evidence as to the expenditure rendered necessary by the plaintiff. The jury found that amount in his favor. A motion for a new trial was made on the grounds, among others, that the verdict was contrary to the evidence; that the court charged that "If you find the plaintiff is entitled to recover, he would be entitled to recover such an amount as you find was reasonably and necessarily incurred as the direct and proximate result of the collision;" that he failed to charge the law in regard to the apportionment of damages if both parties were at fault; and because the court allowed counsel for the plaintiff to ask a witness the following question: "Does that report [referring to a written instrument] state that the gong was rung for four or for four and a half minutes?" To this the witness answered, "No, sir, I didn't exactly state that in the accident report." The witness under examination was the conductor of the defendant's car. On cross-examination he stated, that he had made out an accident report for the company, that counsel for the defendant had given him the report to read, and he had refreshed his memory from it. The question and answer above stated were then allowed. On redirect examination the report was handed to him, and, after looking at it, he said: "I see the language I put there. I reported to the company that the motorman kept ringing his gong, but not from 31st street. I didn't state that he kept ringing it from 31st street, but I stated that he kept ringing his gong.". The motion was overruled, and the defendant excepted.

*Osborne & Lawrence,* for plaintiff in error.

*Twiggs, Oliver, Gazan & Oliver,* contra.

LUMPKIN, J.   (After stating the foregoing facts.)

1, 2.   The first question presented by the amended motion for a new trial is whether the court erred in charging the jury that, if they found that the plaintiff was entitled to recover, he would be entitled to recover such amount as they should determine was reasonable and necessarily incurred as the direct and proximate result of the collision; and in failing to charge the law in regard to the apportionment of damages if both parties were at fault, but the fault of the plaintiff was not such as to bar a recovery.   It has been held several times, in suits of this character, that where the law upon the question of negligence, as it affects the plaintiff's right to recover and the right of the defendant to have a judgment rendered in its favor, has been substantially and fairly submitted to the jury, and where the law in reference to contributory negligence (comparative negligence affecting the amount of the recovery) is not, under the contentions of the parties, directly involved in the case, this court will not reverse the judgment of the lower court, overruling a motion for a new trial, because the court failed to charge the law applicable to such negligence, when there was no request to charge upon that subject. *Southern Ry. Co. v. Coursey,* 115 *Ga.* 602 (41 S. E. 1013) ; *City of Atlanta* v. *Alexander,* 80 *Ga.* 637 (6 S. E. 25) ; *Daniels* v. *Intendant and Wardens of Athens,* 55 *Ga.* 609 (7) ; *Martin* v. *Johnson,* 118 *Ga.* 573 (45 S. E. 446) ; *Ingram* v. *Hilton & Dodge Lumber Co.,* 108 *Ga.* 194 (6), (33 S. E. 961).

Confusion sometimes arises from the use of the expression "contributory negligence." In most jurisdictions contributory negligence is used as referring to such negligence on the part of the plaintiff, contributing to causing the injury to himself, as will prevent a recovery by him. In this State we have a doctrine, which is sometimes called that of comparative negligence, under which, if the plaintiff is not without fault, but his negligence does not amount to such a failure to use ordinary care as will prevent a recovery, he may recover damages of the defendant, in a proper case, but the amount of his recovery will be reduced in proportion to the amount of default attributable to him. In this sense the term "contributory negligence" will generally be found to have

been used in Georgia, rather than in the sense of negligence which will prevent a recovery.

The pleadings in this case did not make any distinct issue as to comparative negligence and apportionment of damages. It may be gravely doubted whether the evidence presented any such theory. Certainly, under the decisions above cited, it was not so involved in the case as a distinct and essential issue that the court was required to charge on the subject without a request. In his order overruling the motion for a new trial, he stated that no request oral or written was made for such a charge. The issue of liability or no liability, which was directly involved, was fully covered by the charge, and also the effect of the negligence of one party or that of the other upon that issue. The presiding judge not only instructed the jury as to the theory of accident, of the absence of negligence on the part of the defendant, and of failure to use ordinary care on the part of the plaintiff, but also informed them that if both parties were equally at fault, or if the plaintiff was more at fault than the defendant's employee, there could be no recovery. What might be termed the incidental or collateral question of reducing or mitigating the damages by reason of some contributing negligence on the part of the plaintiff, which was not sufficient to bar a recovery, was not, under the pleadings and evidence, such a direct and essential issue that a failure to charge in regard to it without request will require a reversal. Where the evidence authorizes a charge on that subject, it is the better practice for the presiding judge to give it. It might not have been error to have done so in the present case; but when he omitted to do so, and his attention was not in any way called thereto, or any request made on the subject, this will not require a new trial.

The question here presented is not the same as that raised where the existence or non-existence of negligence on the part of the plaintiff may affect the right of recovery; or that in cases where the court charged on the idea that an employee (other than one in the service of a railroad company) must be wholly free from negligence in order to recover at all, if he had alleged in his petition that he was without negligence. As to the latter class of decisions, see the remarks made in *Southern Cotton Oil Co.* v. *Skipper*, 125 *Ga.* 368, 371 (54 S. E. 110). See also *Central of*

*Georgia Ry. Co.* v. *Brandenburg,* 129 *Ga.* 115 (58 S. E. 658). But those rulings are not directly involved here.

3, 4. A written report made by a conductor to the company was the best evidence of its own contents. If it appeared that a witness was speaking from his memory refreshed by having had such a report exhibited to him by counsel for the defendant, and that such report was in court, probably the presiding judge might, on application by adverse counsel, have required it to be submitted to such counsel for inspection. But no such application was made; nor does it appear that any notice to produce the paper was served. It was therefore erroneous to allow an inquiry as to its contents to be made, over objection. And this was not altered by calling such inquiry one as to the substantive fact of whether the witness had made a report to the company which contained any such statement as that to which he was testifying, rather than one as to the contents of the report. Under the facts of the case, however, we do not think that this error was such as to require the grant of a new trial. The only purpose which the evidence could have had was to impeach or discredit the testimony of the conductor as a witness. He testified that the gong was rung "from 31st street until we got to the place where the accident occurred, as any ordinary car would ring the gong." After the question and answer on cross-examination to which objection was made, counsel for the defendant, on the redirect examination of the witness, appeared to have exhibited the report to the witness and called forth from him a statement of what it contained, in these words: "This is my report made to the company. That is signed by me. I see the language I put there [witness looking at report]. I reported to the company that the motorman kept ringing his gong, but not from 31st street. I didn't state that he kept ringing it from 31st street, but I stated that he kept ringing his gong." There is no material or substantial difference in effect between the evidence thus brought out by counsel for the defendant as to the contents of the report, and that elicited by counsel for the plaintiff. In answer to the question of the latter, the witness said that he did not make a report that the gong was being rung for four or four and a half minutes,—not exactly. In answer to the questions of the former, he said that he had reported to the company that the motorman kept ringing the gong, but not from 31st street. In

another part of his evidence he stated that 31st street was five blocks and a half distant from where the machine was struck. Under these facts, the ruling stated will not require a reversal.

*Judgment affirmed.  All the Justices concur.*