## 1079.   DOBBINS *v.* SHY.

In a suit on a promissory note, where a plea of recoupment is filed, it is error to refuse to allow the defendant, pending the trial of the case, to withdraw the plea.

Complaint, from city court of Athens——Judge Cobb.   January 14, 1908.

Submitted May 5,—Decided June 18, 1908.

*W. M. Smith, H. C. Tuck,* for plaintiff in error.

*T. S. Mell,* contra.

HILL, C. J.   Shy brought suit on a promissory note, against Dobbins, in the city court of Athens. The defendant admitted the execution of the note sued on, and that the plaintiff was the owner and holder thereof, but pleaded recoupment. On the trial of the case the defendant moved the court to be allowed to withdraw his plea, and the court refused the request, and an exception pendente lite was allowed. The jury returned a verdict for the plaintiff, and the defendant's motion for a new trial was overruled.

The only question made in the case is the alleged error in the

refusal of the court to allow the defendant to withdraw the plea. Section 4970 of the Civil Code allows the petitioner to dismiss the petition at any time, either in term or vacation, so that he does not thereby prejudice any right of the defendant; and the same right is allowed to defendants, as to pleas. A plea of recoupment is in the nature of a cross action, and we think the defendant can, as matter of right, withdraw it at any time before the publication of the verdict. In *Bailey* v. *Wilner,* 107 *Ga.* 366 (33 S. E. 434), the Supreme Court says, "Furthermore, it would have been an easy matter for the defendant to have withdrawn her answer if, in her opinion, so doing would have been of any advantage to her." So far as the record discloses, we can imagine no legal reason why the court refused to allow the defendant to withdraw the plea, and we therefore affirm the judgment, with direction that an order be entered nunc pro tunc allowing the plea to be withdrawn.

*Judgment affirmed, with direction.*