## JENKINS *v.* SOUTHERN RAILWAY COMPANY.

The petition as amended did not set forth a cause of action.
JULY 11, 1911.

Action for damages. Before Judge Gilbert. Harris superior court. August 27, 1910.

Jenkins sued the Southern Railway Company for damages, and his petition after amendment was dismissed on general demurrer, to which ruling he excepted. So much of the original petition as is now material was as follows: While plaintiff's servant, about nine o'clock in the morning, was driving a two-mule team hitched to a wagon belonging to the plaintiff on the defendant's track, where a public road crossed the same, one of the mules was struck by the defendant's engine and killed. Just as the mules got on the track upon the unexpected approach of the train, plaintiff's servant attempted to back the team from the track in order to keep the train from striking it, and by reason of the narrowness of a bridge over which he attempted to back the team, constituting a part of the approach to the crossing, and over a drain cut by the defendant company, the bridge being only ten feet wide, one of the wagon wheels ran off the bridge, so that it was impossible for him to get one of the mules off the track, and it was struck by the engine and killed. The public road ran parallel with the track for 100 feet, and then curved just before crossing the track. There were trees and shrubbery growing between the road and the track where they paralleled each other. The bridge was maintained by

the railway company. The acts of negligence charged were: (1) "said . . train was at said time . . running at a very rapid rate of speed in approaching said public-road crossing;" (2) defendant's "servants and agents failed and neglected to signal the approach of the train to this public-road crossing, and to check and keep checking the speed thereof in approaching the crossing, as by statute required;" (3) defendant, "in maintaining the drain along its track and road-bed . . failed to maintain a bridge of sufficient length over said drain, the bridge being only ten feet long when it should have been not less than fifteen or eighteen feet long, especially where the dirt road enters and crosses the track at a curve; and as the usual and customary length of bridges over drains at public-road crossings and where bridges more than ten feet wide are necessary to prevent injuries;" and (4) the defendant was negligent "in carelessly and negligently running over and against plaintiff's mule and killing it, and in not checking or stopping said train in time to save said mule." An amendment to the petition was filed, subject to demurrer. By the amendment the word "public" referring to the road, appearing in three different paragraphs of the petition was stricken; such word, however, was not stricken where it occurred in the paragraph of the petition charging the acts of negligence complained of. The alleged negligence of the defendant's servants in failing to observe the blow-post law as to public crossings was also stricken. The amendment alleged, in substance, that the road which crossed the defendant's track was a private way which had been used for some fifty years; that the bridge over the drain and constituting a part of the approach to the crossing had been constructed by the defendant company and maintained by it for a great number of years, and, being only about ten feet long, was too short to enable a person to safely back a team from the track across the bridge in order to avoid a train approaching the crossing, and unseen by reason of a cut through which it was passing.

*Hatcher & Hatcher,* for plaintiff.

*C. E. Battle* and *Howell Hollis,* for defendant.

FISH, C. J. (After stating the facts.) The original petition sought a recovery for the alleged negligence of the defendant company in two particulars, namely: (a) in approaching a public crossing at a high rate of speed without giving proper signals or check-

ing the speed as required by the statute commonly known as the blow-post law, and thus negligently running against the plaintiff's mule while crossing the track and killing him; and (*b*) in constructing and maintaining, as a part of the approach to such crossing, a bridge which was too narrow. While certain vague and general expressions in reference to negligence in running upon the plaintiff's mule were not expressly eliminated by the amendment, the sole ground wherein was alleged the negligence in approaching a public crossing, both as to speed, signaling, and checking, was withdrawn. As amended the petition in effect alleged the crossing to be a private one maintained by the defendant company over which the public was impliedly invited to cross; and the case was left to stand upon the allegation of negligence that the bridge, though ten feet in width, was too narrow, and that by reason of this, when the plaintiff's servant sought to back the team upon it as the train approached, one wheel of the wagon ran off the side of the bridge, thus preventing one of the mules from being backed off the track, thus causing it to be struck by the train and killed. Treating, therefore, the question of negligence in the operation of the train as eliminated, and the sole act of negligence upon which the plaintiff based his claim for recovery as being the contention that the bridge constructed by the railway company at a private crossing, not shown to be one established by law, was too narrow, the petition was subject to general demurrer. There was no allegation that the bridge was too narrow or otherwise unsuitable for passage in the ordinary and usual methods, or for the purpose for which it was constructed and maintained. It was ten feet in width, which was not alleged for any reason to have been too narrow for a team to safely approach and pass over the track. Not to provide a bridge broad enough for persons to turn teams upon or to back their teams across can not be said to be negligence. The injury occurred in the daytime, and there was no question as to concealed danger in the bridge by reason of its defective construction or the want of repair, as appeared in the cases of *Central R. etc. Co.* v. *Robertson,* 95 *Ga.* 430 (22 S. E. 551), and *Southern Ry. Co.* v. *Hooper,* 110 *Ga.* 779 (36 S. E. 232). If one were to construct a lane leading to his residence, which the public were impliedly invited to use, and it was sufficient for all ordinary methods of passage, he would not be held to be negligent merely because the lane

was not sufficiently wide to turn wagons in or for teams to back out of, where there was no concealed danger, nor any emergency brought about by the negligence of the one constructing the lane. In the present case, as we have already indicated, the allegations of negligence in respect to the operation of its train by the defendant were substantially eliminated by the amendment, and the case left to stand alone upon the charge of negligence of the defendant in not providing a broader bridge; and as there was no allegation of concealed danger arising from darkness, lack of repair, or other causes, the amended declaration failed to show a breach of duty on the part of the defendant company in not constructing and maintaining a wider bridge, and was therefore properly dismissed on general demurrer.

*Judgment affirmed. All the Justices concur.*