### 8505.  SOUTHERN RAILWAY COMPANY v. WEATHERBY.

WADE, C. J.  1.  The ground of the motion for a new trial which complains that the verdict was excessive is expressly abandoned in the brief of the plaintiff in error.

2.  There being no plea setting up contributory negligence on the part of the deceased, the court did not err in failing to give in charge section 2781 of the Civil Code of 1910, applicable to diminution of damages on account of contributory negligence, in the absence of a timely written request so to charge. *Alabama Great Southern R. Co. v. Brown*, 138 *Ga.* 328 (7) (75 S. E. 330); *L. & N. Railroad Co. v. Smith*, 136 *Ga.* 455 (71 S. E. 774); *Southern Railway Co. v. Hooper*, 110 *Ga.* 779 36 S. E. 232); *Savannah Electric Co. v. Bennett*, 130 *Ga.* 599 (61 S. E. 529); *Savannah Electric Co. v. Crawford*, 130 *Ga.* 421 (60 S. E. 1056); *Wrightsville & Tennille R. Co. v. Gornto*, 129 *Ga.* 204, 210 (58 S. E. 769); *Western & Atlantic R. Co. v. Watkins*, 14 *Ga. App.* 388 (7) (80 S. E. 916); *Cavanaugh v. Biggin*, 9 *Ga. App.* 466 (71 S. E. 779).

3.  Error was assigned on the following instruction to the jury: "If you find that Mr. Weatherby, the plaintiff, was a passenger on this train, and that when the train reached the station, Huffaker, he attempted to alight therefrom, but that the train did not remain standing a sufficient length of time for him to alight in safety, and he was thrown to the ground and injured on account of the sudden starting of the train, the defendant would be liable for whatever damage it caused him, unless he, Mr. Weatherby, by the use of ordinary care could have prevented it." The only criticism on this charge, properly insisted upon in the brief of counsel for the plaintiff in error, is "that the duty was on the railway company to stop its train for a sufficient length of time for an ordinarily prudent man to alight therefrom, using reasonable celerity for this purpose, and that the court erred in substituting the concrete conduct of plaintiff for the abstract conduct of an ordinarily prudent man as the measure of time for which the train should have been stopped." This excerpt from the charge of the court, standing alone, might be subject to the criticism made; but when it is considered in connection with the language which immediately followed: "Even though the defendant may have been negligent, as alleged, still if Mr. Weatherby, by the use of ordinary care, the definition of which I have given you, could have prevented being injured, if he was injured, he could not recover. . . Look to the evidence and see whether a prudent person would have acted like the plaintiff did, and whether he used this ordinary care," the error, if any, was not only cured, but the instruction as a whole was favorable to the defendant, and it will not be heard to complain.

4.  The last ground of the motion for a new trial is based on the failure of the court to give certain instructions to the jury, although not requested. The charge when considered as a whole was a full, fair, and impartial presentation of the law applicable to the facts; and if the railway company desired any further instruction on any particular question, it should have made a timely written request therefor.

5. There being some evidence to support the verdict, which has been approved by the trial judge, this court has not power to interfere with it.

*Judgment affirmed. George and Luke, JJ., concur.*

DECIDED JUNE 27, 1917.

Action for damages; from city court of Floyd county—Judge Nunnally. January 30, 1917.

*Maddox, McCamy & Shumate, Hamilton & Hamilton,* C. J. *Carey,* for plaintiff in error. *Harris & Harris,* contra.