10824.   STUDSTILL *v.* BERGSTEINER.

BLOODWORTH, J. 1. The pleadings in this case do not make any distinct issue as to contributory negligence (comparative negligence affecting the amount of recovery), nor was there a proper and timely written request for a charge on this subject, and this theory was not so involved in the case as a distinct and essential issue that the court was required to charge thereon without a request. *Savannah Electric Co. v. Crawford,* 130 *Ga.* 421 (1), 424, 425 (60 S. E. 1056); *Southern Railway Co. v. Weatherby,* 20 *Ga. App.* 399 (2) (93 S. E. 31); *Western & Atlantic Railroad Co. v. Jarrett,* 22 *Ga. App.* 314 (3), 318-323 (96 S. E. 17).

2. The definition of "preponderance of evidence," of which complaint is

made in the ground 7 of the motion for a new trial, while inaccurate, is not so "vague, confusing, and misleading" as that the jury was likely to be misled thereby.

3. In the excerpt from the charge embraced in the eighth ground of the motion for new trial the judge does not "express or intimate his opinion as to what has or has not been proved."

4. There is nothing in the other special grounds of the motion for new trial which requires a disposition of this case other than is hereinafter given.

5. The plaintiff sued for damages to his automobile, caused from a collision with the automobile of the defendant, and alleged three items of damage,— $277.42 for labor and repairs, $250 for permanent injury to the automobile, and $80 for hire of the automobile for forty days, during which time the petitioner was deprived of the use of his car. There was a verdict for the plaintiff for $350. The record shows no evidence to support a verdict for this amount. No legal verdict for "permanent injury" to the automobile, or for the value for the hire thereof, could have been rendered, because there is no evidence to show the amount of the permanent damage to or the value for hire of the automobile, or any facts from which the jury could themselves arrive at the amount of such damages and hire. However, the verdict for the repair bill and interest was authorized by the evidence. This amounts to $310.61. If the defendant in error will write off from the verdict $39.39, thus reducing the amount of recovery from $350 to $310.61, the judgment will be affirmed; otherwise a new trial is ordered.

*Judgment affirmed on condition. Broyles, C. J., and Luke, J., concur.*

Action for damages; from city court of Valdosta — Judge Cranford.   July 9, 1919.

1.   Because of a collision of their automobiles, Bergsteiner sued Studstill for damages, and the defendant by his plea claimed damages from the plaintiff, each alleging that the collision was caused by the negligence of the other. The plaintiff alleged, that the defendant and the defendant's son, who were together in the defendant's automobile, which was being driven by the son, were negligent in undertaking to cross from the plaintiff's left in front of the plaintiff's car, without giving notice of this intention, and in failing to comply with the rules of the road and to turn to and remain on the right in passing the plaintiff's car; that the defendant was negligent in permitting his son, who was under sixteen years of age, to drive his car upon the public highway in violation of the statute; and that the plaintiff himself was without fault. The defendant in his plea as amended, after denying the plaintiff's allegations, alleged, that at the time of the collision

the plaintiff's car·was being driven at a reckless speed, 25 or more
miles per hour, that the plaintiff saw the defendant's car and, if
he had used the slightest care, could readily have avoided the col-
lision, but made no attempt to check his speed; and that the plain-
tiff was negligent in not giving due warning of the approach of
his car, by blowing his horn or by using any signaling apparatus,
and was further negligent in using a spot-light, by throwing the
light into the eyes of the defendant and his son, thereby blinding
them and preventing them from avoiding the collision.    He
prayed for damages on account of injuries to his car and to his
person.    The verdict was against the defendant.    In his motion
for a new trial he contended that the court erred in not charging
the jury as to contributory negligence and diminution of damages
if the jury should find that there was mutual fault; the movant
contending that the pleadings and the evidence raised the issue
as to whether there was such negligence on the part of the plaintiff.

2.    The court charged:  "By the preponderance of the testi-
mony is meant that superior weight of testimony which, while not
enough to wholly free a reasonable mind from doubt, is yet suffi-
cient to turn the mind to one side of the issue rather than to the
other."    In ground 7 of the motion for a new trial it is alleged
that this is not a correct definition, and is vague, confusing, and
misleading, the correct definition (Civil Code of 1910, § 5731)
being:  "By preponderance of evidence is meant that superior
weight of evidence upon the issues involved, which, while not
enough to wholly free the mind from a reasonable doubt, is yet
sufficient to incline a reasonable and impartial mind to one side
of the issue rather than to the other."

3.    That the court intimated an opinion that the defendant
was negligent is the exception taken in ground 8 to the following
instruction:  "If you believe  .  .  that the defendant was negli-
gent upon this occasion, and that this negligence was existing and
was apparent to the plaintiff, or could have been apparent to him
by the exercise of ordinary care, or that he could have discovered
this negligence by the exercise of ordinary care and did not do it,
he could not recover.  Our law makes it the duty of every one to
avoid the consequences of another's negligence, provided that
negligence is apparent."

4.    As to the contentions of the defendant the court charged

the jury that they were set forth in his plea and in the amendment to the plea, which the jury would have out before them, and that the court would not go over the pleadings but would refer the jury to them for the issues to be passed upon; and in a subsequent part of the charge the court, after stating the specific acts of negligence alleged by the plaintiff, stated that the defendant made "certain specific allegations of negligence against the plaintiff," the first of which was failure of the plaintiff to give due warning of the approach of his car, and the next of which was that he was negligent in throwing a spot-light into the eyes of the defendant and his son and thereby blinding them; but the court did not state the defendant's allegations as to the speed of the plaintiff's car, and the failure to use due care to check it; and in the motion for a new trial it is contended that the court thus excluded and withdrew from the consideration of the jury these omitted allegations of negligence.

5. One of the grounds of the motion for a new trial is that the verdict is excessive, because there was no evidence that would authorize a verdict for more than the cost of labor and repairs on the car, $277.42 and interest thereon. Instructions to the jury on other items of damage to the plaintiff are complained of.

*James M. Johnson, Franklin & Langdale,* for plaintiff in error.
*Dan R. Bruce,* contra.