31393.   CEDRONE *v.* BECK.

DECIDED NOVEMBER 7, 1946.

*Smith, Kilpatrick, Cody, Rogers & McClatchey,* for plaintiff.

*Powell, Goldstein, Frazer & Murphy, James K. Rankin,* for defendant.

PARKER, J.   This was a suit by Dan Cedrone against T. N. Beck for damages for the death of the plaintiff's wife, Mrs. Laura Adams Cedrone, in an automobile accident on November 25, 1944.   It was alleged that the wife was a guest in the automobile of the defendant, that the defendant was grossly negligent in the driving of the car at the time of the accident, and that such negligence was the cause of the accident and of her death.   The trial resulted in a verdict for the defendant.   The plaintiff filed a motion for a new trial on the general grounds, amended it by adding five special grounds, and assigns error on the overruling of the motion as amended.

■   Ground 4 of the amended motion complains of the charge on the preponderance of the evidence.   The court charged in substance the language of the Code, § 38-107, which states how the jury may determine where the preponderance of the evidence lies, but in so doing omitted to instruct the jury that they might consider the intelligence of the witnesses.   This, it is claimed, was error.   The plaintiff cites *Shankle* v. *Crowder,* 174 *Ga.* 399(8) (163 S. E. 180), *Fountain* v. *McCallum,* 194 *Ga.* 269(12) (21

S. E. 2d, 610), and *Hinson* v. *Hooks,* 27 *Ga. App.* 430 (108 S. E. 822), as cases sustaining this contention. In the *Shankle* case it was held that the charge as to the preponderance of the evidence was erroneous because it omitted all reference to the credibility of the witnesses. We construe that ruling as applicable under the facts of that case, but not as a general rule which should always be applied in every case. The issue there was the validity of a paper offered for probate as a will, and the caveat thereto was based in part upon the ground of lack of testamentary capacity and undue influence upon the testator. It appears from an inspection of the record in that case that sixteen witnesses, ten on one side and six on the other, testified; that their evidence was in sharp conflict; and that much of it was in the nature of expert testimony dealing with the testamentary capacity of the maker of the will. The decision in that case was not by a full bench, Chief Justice Russell dissenting. That decision was followed by this court in *Gossett* v. *Wilder,* 46 *Ga. App.* 651 (168 S. E. 903), the omission in the charge complained of therein not appearing in the decision. The *Fountain* case holds that it was error to fail to instruct the jury that they might consider the intelligence of the witnesses, in charging on the preponderance of the evidence, but qualified the ruling with this explanation (on page 276): "We are not to be understood as holding that when the judge undertakes to give the contents of this section in charge, in every case he must do so in hæc verba, or that in every instance the entire section should be charged. In the instant case the evidence was in sharp conflict. One of the witnesses, the plaintiff, had at one time been adjudged insane. In addition to that, other witnesses testified as to declarations made by her after she had left the lunatic asylum, but while still laboring under the judgment which sent her there, as pointed out in the previous division of this opinion. In this kind of a case we think it unfortunate that the judge omitted any reference to the intelligence of the witnesses."

The more accurate rule with regard as to the duty of the court in charging the statute as to how the jury may determine where the preponderance of the evidence lies (Code, § 38-107) seems to have been stated in *Farmers State Bank* v. *Kelley,* 166 *Ga.* 683 (144 S. E. 258), a full-bench decision, which is older than the case

of *Shankle* v. *Crowder,* supra. The ruling therein was to the effect that an omission to charge the jury that they might take into consideration that the greater number of witnesses testified in favor of one party rather than the other, though the preponderance is not necessarily with the greater number, might be harmful error or might be harmless, depending upon the facts of the case. It appeared there that the losing party had introduced only three witnesses and the prevailing party had introduced nine witnesses, and the omission to charge with respect to the greater number of witnesses was treated as harmless. That case cites *Hinson* v. *Hooks,* 27 *Ga. App.* 430 (supra), which stated the rule as follows: "It is well settled that when a judge undertakes to charge the law upon any subject, he must charge all of it upon that subject *that is material and applicable to the case.*" (Italics ours.) The question presented by this assignment of error was ably discussed by Judge Gardner in *Georgia Power Company* v. *Burger,* 63 *Ga. App.* 784 (11 S. E. 2d, 834). He concluded that the better practice was to charge the Code section in its entirety, but that the omission to charge some of the provisions of the statute may or may not be error depending on the issues of the particular case under consideration. In *Travelers Indemnity Co.* v. *Paramount Publix Corp.,* 52 *Ga. App.* 239 (182 S. E. 923), the omission of a charge on the intelligence of a witness was held not error, it not appearing that such failure was harmful; and in *Southern Ry. Co.* v. *Wilcox,* 59 *Ga. App.* 785, 788 (2 S. E. 2d, 225), a complaint that the court omitted "some of the provisions of said Code section" was held not to require a reversal, where it did not appear that such omission was harmful.

In the case at bar, the defendant introduced no evidence. There was no testimony tending to impeach any witness or to discredit the intelligence or opportunity for observation or knowledge of the facts on the part of any witness. While it would have been better and more accurate to have charged the Code, § 38-107, verbatim et literatim, we do not think that the failure to do so is reversible error, under the facts of this case. See *Palmer-Murphey Co.* v. *Barnett,* 32 *Ga. App.* 635 (6) (124 S. E. 538) ; *Atlanta Gas-Light Co.* v. *Cook,* 35 *Ga. App.* 622 (5) (134 S. E. 198) ; *George* v. *McCurdy,* 42 *Ga. App.* 614 (1) (157 S. E. 219) ; *Byrd* v. *Grace,* 43 *Ga. App.* 255 (3) (158 S. E. 2d, 467).

■ Ground 5 complains of the following excerpt from the charge of the court: "Gentlemen, our law defines proximate cause as that which in the natural or continuing sequence, unbroken by other causes, produces an event, and without which an event would not have occurred. Proximate cause is that which is nearest in order of responsible causes and which stands next in causation, not necessarily in time and place, but in causal relation." This charge was not error for any of the reasons assigned. See *Dunbar* v. *Davis,* 32 *Ga. App.* 192, 193 (122 S. E. 895), and the exhaustive opinion of Judge Cobb in *Southern Ry. Co.* v. *Webb,* 116 *Ga.* 152(1) (42 S. E. 395, 59 L. R. A. 109).

■ Ground 6 complains of the following charge: "In general, slight diligence is that degree of care which every man of common sense may exercise under the same or similar circumstances. Applied to the preservation of property, slight means that care, however inattentive, he may take of his own property. The absence of such care is termed gross negligence." Upon comparing this charge with the Code, § 105-203, it will be seen that the charge as given omitted the words, "howsoever inattentive he may be," in the first sentence of the definition as given in the Code. This omission rendered the charge inaccurate and, for that reason, erroneous, under the ruling in *Seaboard & Roanoke R. Co.* v. *Cauthen,* 115 *Ga.* 422 (41 S. E. 653), but we think that the omission was harmless. The effect of the charge as given was to make the defendant liable for ordinary negligence, whereas, under the pleadings and the evidence, the plaintiff's wife was a guest in the car of the defendant, and he was liable only for gross negligence. Since the jury returned a verdict for the defendant in spite of this instruction, we do not see how the plaintiff can complain.

The plaintiff also contends that only the first and third sentences of this Code section should have been charged, and that because the second sentence relates to injuries to property, which were not here involved, it should have been omitted. The plaintiff has not shown how the charging of the second sentence of the section was error, and how it was harmful to him; and in view of the rulings in *Harris* v. *Reid,* 30 *Ga. App.* 187(2) (117 S. E. 256), *Capers* v. *Martin,* 54 *Ga. App.* 555(2) (188 S. E. 465), and *Moore* v. *Shirley,* 68 *Ga. App.* 38(2) (21 S. E. 2d, 925), we must hold that it was not error to charge the section in its entirety.

■ The plaintiff complains in ground 7 of the following instruction: "I charge you further, gentlemen, that if the defendant was guilty of gross negligence in this case and that such negligence was the proximate and direct cause of the injury to the plaintiff's wife, but plaintiff's wife was also negligent, and if her negligence, if any, did not amount to a lack of ordinary care for her own safety, and ordinary care as applied to her means just that care and caution which every ordinarily prudent person would exercise under the same or similar circumstances; if he, the defendant, was guilty of gross negligence, and she likewise was guilty of negligence, but her negligence did not amount to a lack of ordinary care, then the plaintiff still may recover, but you should and you must reduce any recovery on the part of the plaintiff by the amount of such negligence that you will attribute to the deceased, if you find that there was such negligence." The plaintiff contends that there was no evidence authorizing a charge on contributory negligence, and that the charge as given was otherwise erroneous. The defendant's amended answer alleged that the plaintiff's wife "was guilty of contributory negligence in riding in said automobile while under the influence of intoxicants, and in riding with a driver known by her to be under the influence of intoxicants, and in riding in said car while leaning against the rear door and in an exposed and dangerous position." The evidence tended to substantiate all of these allegations and authorized the charge on contributory or comparative negligence. See *Mann* v. *Harmon*, 62 *Ga. App.* 231(1) (8 S. E. 2d, 549). The other objections to this charge are without merit when the excerpt is considered in the light of the charge as a whole.

■ It was not error to fail to charge the provisions of the Code, § 68-301, in the absence of a timely written request therefor, under the pleadings and the evidence in this case. The ruling in *Awbrey* v. *Johnson*, 45 *Ga. App.* 663(2) (165 S. E. 846), is not applicable here because of the manifest differences in the facts of that case and the facts of this case.

The verdict was authorized by the evidence, and no error of law appearing, the court did not err in overruling the motion for a new trial.

*Judgment affirmed. Sutton, P. J., and Felton, J., concur.*