34556. HATCHER *v.* BRAY.

DECIDED APRIL 22, 1953—REHEARING GRANTED APRIL 30, 1953—JUDGMENT ADHERED TO JUNE 9, 1953.

*Bell & Bell,* for plaintiff in error.

*Harris, Russell, Weaver & Watkins,* contra.

CARLISLE, J. 1. In special ground 1, error is assigned on the following excerpt from the charge of the court to the jury: "In determining where the preponderance of evidence lies, you may consider all the facts and circumstances of the case, the witnesses' manner of testifying, their intelligence, their means and opportunity for knowing the facts to which they testify, the probability or improbability of their testimony, their interest or want of interest, and also their personal credibility, so far as the same may legitimately appear from the trial. You may also consider the number of witnesses, though the preponderance is not necessarily with the greater number." The ground of the objection is the court's use of the expression "may consider," instead of instructing the jury that it is "the duty of the jury to consider" all the facts and circumstances, etc. There is no merit in this ground. The language used is exactly that of Code § 38-107, and this exact objection has been decided against the plaintiff in *Jordan* v. *State,* 130 *Ga.* 406 (60 S. E. 1063); and see also *Quinton* v. *Peck,* 195 *Ga.* 299 (3) (24 S. E. 2d 36).

2. In special ground 2 error is assigned upon the court's omission to charge the language of Code § 105-203, and the court's omission, in the following excerpt from the charge, of the words "howsoever inattentive he may be": "Now, gentlemen, I charge you that gross negligence is equivalent to the failure to exercise even a slight degree of care. It is materially more want of care than constitutes simple inadvertence. It is an act or omission respecting legal duty of an aggravated character, as distinguished from a mere failure to exercise ordinary care. It is a very great negligence or the absence of slight diligence, or the want of even scant care. It amounts to indifference to present legal duty, and to utter forgetfulness of legal obligations so far as other persons

may be affected. It is heedless and palpable violation of legal duty respecting the rights of others. The culpability which characterizes all negligence is, in gross negligence, magnified to a high degree as compared with that present in ordinary negligence." This definition of gross negligence in the charge is in the exact language of Shaw *v.* Moore, 104 Vt. 529 (162 Atl. 373), which was approved by this court in *Tucker* v. *Andrews*, 51 *Ga. App.* 841, 845 (181 S. E. 673). The judge gave this elaborate definition of gross negligence and later in the charge gave the exact definition appearing in Code § 105-203. The two definitions are in no wise conflicting. We are at a loss to understand at what point in the first definition the court should have inserted the expression, "howsoever inattentive he may be." However, even if the expression could have been inserted in the first definition, its omission was more favorable to the plaintiff than to the defendant. *Cedrone* v. *Beck,* 74 *Ga. App.* 488 (40 S. E. 2d 388). In *Seaboard & Roanoke Ry. Co.* v. *Cauthen,* 115 *Ga.* 422 (41 S. E. 653), on which counsel for the plaintiff relies, it is to be observed that the verdict in that case was for the plaintiff, and the defendant assigned error upon the omission from the Code definition of the expression sought to be included here. Such circumstances present an entirely different question. This ground of the motion for new trial is not meritorious.

3. In special ground 3 error is assigned upon the following excerpt from the charge on the ground that it injected into the case the theory of circumstantial evidence, when neither the plaintiff nor the defendant had established her case nor his defense by such evidence: "Now, I charge you, gentlemen, that, to establish a case by circumstantial evidence, the facts shown must not only reasonably support that conclusion relied upon, but must also be inconsistent with every other reasonable hypothesis. The circumstances relied upon must not only be consistent with the conclusion sought to be established, but also inconsistent with every other reasonable inference. This consistency with the one and inconsistency with the other is required to be established by a preponderance of the evidence." The evidence on the issue of how the collision occurred was both direct and circumstantial, and the court did not err in giving in charge the law on that subject. *Shivers* v. *State,* 181 *Ga.* 557, 561 (183 S. E. 489).

4. In special ground 4 error is assigned on the following excerpt, on the ground that there was no evidence authorizing such a charge: "I charge you that if you believe from the evidence that Miss Charlene Bray, while driving her father's car at the time and place of the accident, was threatened with the imminent danger of experiencing a collision with another automobile, or had reasonable grounds to believe that she was so threatened, which was not created through her own fault, then you would be authorized to find that she had a right to choose a course which later proved to be dangerous, provided you find such course seemed to her at the time to be the safest under the circumstances. One who is threatened with an emergency is not held to the same circumspection of conduct that he would be if he were acting without compulsion of emergency, if there was an emergency." The court in this excerpt from the charge left to the jury the question of whether or not there was an emergency and whether or not the driver of the automobile, Miss Bray, had herself created the emergency. From one of the two versions given by Miss Bray as to how the collision occurred, the jury would have been authorized to find that she was confronted by an emergency, in that as she proceeded along Brentwood Avenue at a speed of approximately 20 miles per hour she was confronted with the following situation: At the intersection of Brentwood and Date Avenues automobiles were parked on both sides of Brentwood. She observed an automobile coming from the opposite direction at a much greater speed than she was traveling. When the car coming from the opposite direction was within ninety feet of the point where the cars were parked on Brentwood, it came across the center line onto Miss Bray's side of the street, leaving insufficient space for her to pass between the oncoming car and the parked car, and she was forced by this sudden occurrence to swerve her car to the right and into the pole. Under this evidence, the trial court quite properly charged on emergency.

5. In special ground 5 error is assigned upon the following excerpt from the charge of the court, on the ground that such charge was not warranted by the evidence: "Now the plaintiff in this case, as in other cases, is bound by the rules of ordinary care and diligence. If the plaintiff, by the exercise of ordinary

care, could have avoided the consequences to herself caused by the defendant's negligence, if any, then she is not entitled to recover. Now, gentlemen, ordinary diligence is that degree of care which is exercised by ordinarily prudent persons under the same or similar circumstances. The absence of such diligence is termed ordinary negligence." From the evidence as to the grade of Brentwood Avenue, the unobstructed view along the street for a considerable distance in the direction in which Miss Bray was driving, the fact that Miss Bray did not see the car which caused her to swerve into the electric-wire pole until the car was within approximately 90 feet of her, the jury could infer that she was not keeping a proper lookout; and from the fact that the plaintiff was seated beside her on the front seat, the jury could infer that the plaintiff was aware of Miss Bray's failure to keep a proper lookout, and to find that in the exercise of ordinary care the plaintiff should have cautioned her to do so. It follows that the court did not err in giving the charge here .excepted to.

6. In special ground 6 error is assigned on the following portion of the charge, on the ground that it was not warranted by the evidence: "I charge you that a person riding as a guest may, until she has notice to the contrary, assume that neither the driver nor others upon the highway will be negligent, and may also assume that the driver will exercise proper care to avoid the negligence of others; but while the negligence of the host is not imputable to the guest, the guest cannot close her eyes to known or obvious dangers arising either from the acts of the driver or from the acts of others, and if there is a danger from either cause and the circumstances are such that it would become apparent to a person of ordinary prudence in like circumstances, then it is the duty of the guest to do whatever in the opinion of a jury a person of ordinary prudence would or should do under the same or like circumstances." What has been said in division 5 of this opinion is equally applicable to the portion of the charge here excepted to. See in this connection, *Crandall* v. *Sammons*, 62 *Ga. App.* 1 (7 S. E. 2d 575). There is no merit in this ground.

7. In special ground 7 error is assigned upon the following excerpt from the charge, on the ground that it was not warranted

by the evidence: "Now, gentlemen, I charge you that should you find that Miss Bray was not negligent as contended by the defendant in this case, your verdict would be for the defendant. Should you find that the unknown driver of the approaching vehicle was negligent, and such negligence was the sole proximate cause of this collision, your verdict would be for the defendant." This portion of the court's charge states a correct legal principle. See *Lewis* v. *Williams*, 78 *Ga. App.* 494, 501 (51 S. E. 2d 532), and citations. As we have already indicated, the jury was authorized to find that Miss Bray's action in swerving into the pole was caused by the unknown driver's approaching the point on Brentwood Avenue at a rapid rate of speed where automobiles were parked on both sides of the street, and by such driver's automobile approaching that point on the wrong side of the street, making it impossible for Miss Bray to do otherwise than swerve her automobile to the right in order to avoid a head-on collision; and from such evidence the jury was authorized to find that the unknown driver's negligence in driving on the wrong side of the street at that point was the sole proximate cause of the plaintiff's injuries.

8. In special ground 8 error is assigned on the following excerpt from the charge: "Should you find, by a preponderance of the evidence, that Miss Bray was grossly negligent in one or more of the ways mentioned in the petition, and that such negligence was the proximate cause of the plaintiff's injuries, whatever they are, you would find your verdict for the plaintiff, provided the plaintiff, by the exercise of ordinary care, could not have avoided the consequences of Miss Bray's negligence, if any, after it became apparent or should have become apparent to her in the exercise of ordinary care." The grounds of objection to this portion of the charge are that it was not warranted by the evidence; the court failed to charge that, even if the plaintiff was guilty of some negligence, the plaintiff might recover under the theory of comparative negligence. The issue made by the pleadings and evidence in this case was liability or non-liability. And, while under the evidence the jury might have been authorized to infer that the plaintiff was contributorily negligent, the court's failure to charge the law of comparative negligence, in the absence of a timely written request so to do, is not cause

for the grant of a new trial. *Southern Ry. Co.* v. *Hooper,* 110 *Ga.* 779 (36 S. E. 232) ; *Savannah Electric Co.* v. *Crawford,* 130 *Ga.* 421, 424 (60 S. E. 1056), and cit.

9. In special ground 9 error is assigned on the court's failure to charge, without request, as to the law on contradictory statements and impeachment since these issues were raised by the evidence. "In the absence of a timely written request to charge, it is not cause requiring the grant of a new trial that the judge failed to charge the law with respect to contradictory evidence. . . *Lewis* v. *State,* 125 *Ga.* 48 (53 S. E. 816) ; *Graham* v. *State,* Id." *Lewis* v. *State,* 129 *Ga.* 731 (59 S. E. 782). Nor is it cause for the grant of a new trial, in the absence of a timely written request, that the trial court failed to charge on impeachment of witnesses. *Slocumb* v. *State,* 157 *Ga.* 131 (1) (121 S. E. 116). This ground is not meritorious.

10. The jury was authorized to find that the defendant's daughter was not grossly negligent in swerving her automobile into the electric-wire pole in order to avoid a head-on collision with an automobile approaching her at a rapid rate of speed on the wrong side of the street, and that such driver's negligence was the sole proximate cause of the plaintiff's injuries, in either of which events the verdict for the defendant would have been authorized, and this court will not therefore disturb the verdict.

The trial court did not err in denying the motion for a new trial for any of the reasons assigned.

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*

## On Motion For Rehearing.

Carlisle, J. The rule that the trial court should not give in charge to the jury, upon the trial of a case, principles of law on issues not raised by the pleadings and the evidence, is, of course, a simple one, firmly established, and of long standing in this State. The application of the rule to a given state of facts is frequently, however, fraught with some difficulty and contrariety of opinion. As counsel for the plaintiff, by their motion for rehearing, raised some doubt in our minds as to the accuracy with which we had applied this rule to the facts of this case in holding, in division 5 of the original opinion, that the evidence authorized the court's charge to the jury on the principle of law

that it is the duty of the plaintiff to exercise ordinary care and diligence to avoid the consequences of the defendant's negligence, we granted the motion for rehearing with leave to counsel for the respective parties to submit briefs upon this point in order that we might thoroughly reconsider the ruling made in that division of the original opinion. The briefs of counsel are replete with citations on the subject, and we have carefully perused each of the cases cited, but none of them contains a factual situation so nearly identical to the present case as to be controlling. Each of the cases is controlled by its own particular facts. Miss Bray, by her conflicting testimony, submitted two theories as to the cause of the collision; namely, that as she approached the intersection of Brentwood and Date Avenues, an automobile coming from the opposite direction at a rapid rate of speed would have apparently reached a point on Brentwood at which automobiles were parked on both sides of the street at the same time that her automobile would, and that, when the other automobile was within approximately ninety feet of that point, she discovered that he was on the wrong side of the street, across the center line, and she swerved her automobile to the right to avoid a collision with the other automobile and collided with the pole; and, secondly, that, as she was proceeding along Brentwood at approximately twenty miles per hour and reached the intersection with Date Avenue, automobiles were parked on both sides of Brentwood and she suddenly observed an automobile coming from the opposite direction *on its side of the street,* and believing that her automobile and the other car would reach the point where the automobiles were parked on both sides of the street at the same time and that there was not sufficient space on Brentwood for four cars abreast, she swerved her car to the right and collided with the pole. The petition charges that Miss Bray failed to maintain a proper lookout, and that this was one of the proximate causes of the collision with the pole. The situation created under either of the two theories of the collision could have been the result of Miss Bray's failure to keep a proper lookout; especially is such a finding inferable from the evidence as to the grade of Brentwood Avenue, the unobstructed view along the street for a considerable distance in the direction in which Miss Bray was driving, and from the fact that Miss

Bray did not see the car coming from the opposite direction until it was within approximately 90 feet of her automobile. It is also inferable that the plaintiff could have, in the exercise of ordinary care, discovered Miss Bray's inattention and warned her to keep a proper lookout, and this is true under the particular circumstances of this case, for the reason that she was seated beside Miss Bray on the front seat of the car, and she at no point in her testimony said that she was not looking or did not look at Miss Bray. This was sufficient, though concededly weak, evidence to authorize the court's charge on the duty of the plaintiff to exercise ordinary care to avoid the consequences of Miss Bray's negligence. The evidence in this case is at least as strong as that in *Crandall* v. *Sammons*, 62 *Ga. App.* 1 (7 S. E. 2d 575), in which this court refused a new trial on account of the court's charging this principle of law when the evidence showed that the plaintiff was seated on the rear seat of an automobile and the driver's inattentiveness to traffic was the cause of the collision. The court in that case said: "There was apparently no reason why the plaintiff, sitting in the rear of the car, might not have observed the actions of the defendant and have become aware of his inattentiveness to traffic." Accordingly, the judgment originally rendered in this case is adhered to on rehearing.

*Judgment adhered to. Gardner, P. J., and Townsend, J., concur.*