### 1719. WESTERN AND ATLANTIC RAILROAD COMPANY *v.* HENDERSON *et al.*

1. The evidence is legally sufficient to support the verdict.
2. The judge may properly instruct the jury that in determining where the preponderance of the evidence lies, they may consider the personal credibility of the witnesses, so far as it has appeared from the trial.
3. Errors upon subsidiary propositions are wholly immaterial and will not be considered, when there has been an errorless and authorized finding of the jury against the main proposition, upon the existence of which the subsidiary propositions are necessarily dependent.

4. In an action against two or more joint tort-feasors, some may be held not liable and a recovery sustained as to the others.

Action for damages, from city court of Atlanta—Judge Reid. January 12, 1909.

Argued April 13,—Decided June 29, 1909.

Henderson brought suit against the Seaboard Air-Line Railway and the Western & Atlantic Railroad Company for personal injuries. It appears that he was an employee of the Seaboard Air-Line Railway (hereinafter called the Seaboard), and that he was being transported to his place of work over the track of the Western & Atlantic Railroad Company (hereinafter called the W. &. A.), under an arrangement between the two companies. While the coach in which he was sitting was standing upon one of the tracks of the W. & A., an engine in charge of the employees of that company negligently ran into it and caused the plaintiff certain enumerated injuries. Various acts of negligence were charged against the W. & A., but the only act of negligence directly charged against the Seaboard was that it failed to send back a flagman. There was a dispute as to whether it was necessary or customary to send back a flagman under the circumstances. The petition in terms, however, charged that the negligence complained of throughout was in law the negligence of both defendants.

*Tye, Peeples, Bryan & Jordan,* for plaintiff in error.

*Smith & Haslings, Brown & Randolph,* contra.

POWELL, J.    1. Under a statute of this State (Civil Code, § 2297), the plaintiff was entitled to the degree of protection due a passenger, as against the Seaboard (*Carswell* v. *Macon R. Co.,* 118 *Ga.* 826, 45 S. E. 695; *Southern Ry. Co.* v. *West,* 4 *Ga. App.* 678 (62 S. E. 141)), though probably not so as to the W. & A. There was, however, ample testimony to establish the individual negligence of the W. & A. The evidence on the question as to whether or not the plaintiff was seriously injured was in sharp conflict. The verdict of the jury has settled this issue in favor of the plaintiff; and, after an examination of the record, we see no ground upon which we can interfere with their verdict as a finding of fact. The verdict was against the W. & A. alone for $4,500. While the sum is large, it is not legally excessive. Indeed, if we should apply strictly the law as to the briefing of the testimony, as prescribed by section 5488 of the Civil Code, we should have to

decline to pass upon assignments of error necessitating a review of the testimony; and yet we have patiently waded through this record, and find that the evidence supports the verdict. See *Albany & Northern R. Co.* v. *Wheeler, ante,* 270 (64 S. E. 1114).

2. The errors assigned as to the court's part in the trial are chiefly exceptions to the charge. There is, it is true, an attempt to assign error upon the admission of certain testimony, but the assignment of error is not in proper shape to present to the attention of the court the question which counsel seek to make. The judge charged the jury that, in determining where the preponderance of the evidence lies, they might consider, along with the other things referred to in section 5146 of the Civil Code, "the personal credibility of the witnesses, so far as that appears to you from this trial." It is contended that this charge is erroneous in two respects: (1) that it is uncertain and confusing, in that the expression "personal credibility of the witnesses" is uncertain in its meaning and was unexplained by the court; (2) the jury might infer from this language that they had a right to apply their personal knowledge of the witnesses, in determining their credibility. Section 5146 of the Civil Code states that the jury, in determining where the preponderance of the evidence lies, may, as to the witnesses, consider "their personal credibility so far as the same may legitimately appear from the trial." The trial judge in the present case, instead of using the expression "may legitimately appear from the trial," used the expression "so far as it appears to you from this trial." The judge stated the matter correctly. The code was dealing with the abstract proposition, the court with the concrete application of it. The judge, assuming that he had not allowed anything illegitimate to occur during the trial, properly instructed the jury that they might consider the personal credibility of the witnesses so far as it appears upon the trial as it was conducted. We do not think there is anything uncertain as to the meaning of the expression "personal credibility," as used in this context. It simply means that which would lead the jury to believe or disbelieve what the witness has said, by reason of his appearance before them, his manner of conducting himself in their presence, his manner of testifying, and those other numerous and largely indescribable things which make one man believe or disbelieve another simply from seeing and hearing

him; especially as considered apart from the inherent probability or lack of probability of the particular thing he has testified to, and apart from the corroboration or refutation which his testimony has received during the progress of the trial.

3. The court charged the jury that since the Seaboard was using the tracks of the W. & A. by its permission, the latter would be responsible for the negligence of the former, and that if they found the Seaboard negligent, they should return a verdict against both defendants. Exception is taken to so much of the instruction of the court as told the jury that, under the relation existing between these two companies, the W. & A. would be responsible for the negligence of the Seaboard. We find it unnecessary to determine whether this instruction was correct or not. The form of the verdict precludes the necessity of our entering into that question. If this instruction was incorrect, still it in no wise hurt the plaintiff in error. The verdict, in the light of the particular instruction given by the court upon the question, means that the Seaboard was guilty of no negligence; and hence it is juridically certain that the jury did not hold the W. & A. liable on account of any negligence of the Seaboard. Errors assigned upon subsidiary propositions are wholly immaterial and will not be considered, when there has been an errorless and authorized finding of the jury against the main proposition, upon the existence of which the subsidiary propositions are necessarily dependent. *Realty Co.* v. *Ellis,* 4 *Ga. App.* 402 (61 S. E. 832).

4. The remaining assignments of error raise the point that since the plaintiff alleged that he was injured by the joint negligence of the two defendants, a separate recovery against one of them can not be sustained. The point is not well taken. Whatever may be the rule in other jurisdictions, it is well established in this State that in an action against joint tort-feasors, there may be a recovery against only one of the defendants. *Hollingsworth* v. *Howard,* 113 *Ga.* 1099 (39 S. E. 465); *Austin* v. *Appling,* 88 *Ga.* 55 (13 S. E. 955); *Western Union Tel. Co.* v. *Griffith,* 111 *Ga.* 558-9 (36 S. E. 859); *Finley* v. *Southern Ry. Co.,* 5 *Ga. App.* 722 (64 S. E. 312).                    *Judgment affirmed.*