9419.   WESTERN AND ATLANTIC RAILROAD COMPANY
v. JARRETT et al.

1. There was evidence from which the jury could infer negligence on the part of the defendant; and whether the consequences of that negligence

could have been avoided by the exercise of ordinary care on the part of the deceased or her husband was an issue of fact for their ·determination, and not for determination by this court. The trial judge having declined to exercise the discretion vested by law in him alone, and to set aside, under the general grounds of the motion for a new trial, the verdict for the plaintiff, which was supported by some evidence, this court must of necessity hold that there is no merit in those grounds.

2. There is nothing in the record to suggest bias or prejudice on the part of the jury, and the verdict can not be set aside as excessive, since the amount thereof could have been arrived at under the proof submitted, taking into consideration that the deceased was a wife and mother. "In estimating the value of ordinary domestic service rendered by a wife, the jury are authorized to take into consideration what may be the value of many services incapable of exact proof, but measured in the light of their own observation and experience. 'Some wives perform manual labor—others do not; yet the husbands of the latter no less than those of the former would certainly be entitled to compensation from wrong-doers for causing inability to perform service. . . There need be no direct or express evidence of the value of the wife's services, either by the day, week, month, or any other period of time, or of any aggregate sum.' *Metropolitan St. R. Co.* v. *Johnson*, 91 *Ga.* 466, 471, 472 (18 S. E. 816)." *Standard Oil Co.* v. *Reagan*, 15 *Ga. App.* 571 (9), 599 (84 S. E. 69).

3. While the plea denied negligence on the part of the defendant and distinctly alleged that the homicide resulted from a failure on the part of the deceased or her husband (one of the plaintiffs) to exercise ordinary care, contributory or comparative negligence was not pleaded in reduction or mitigation of damages, and therefore this defense was not directly involved in the case, and in the absence of any timely request in writing for such an instruction, the failure of the court to instruct the jury in regard thereto does not constitute reversible error.

4. While it may be true as a matter of fact that a railroad-track is a place of danger, and one going thereon must exercise such a degree of care and diligence for his own safety as a man of ordinary care and prudence would exercise under similar circumstances, the judge did not err in declining so to instruct the jury in compliance with a written request. Neither did he err in declining to give a requested charge as to the duty of the plaintiff J. F. Jarrett in attempting to pass over a railroad public crossing in an automobile. Both requests called for an intimation of opinion as to what would constitute negligence and as to a matter of fact, and the requested charge last mentioned was decidedly argumentative in form. While in the case of *Western & Atlantic R. Co.* v. *Ferguson*, 113 *Ga.* 708, 713 (39 S. E. 306, 54 S. E. 802), it is declared that a railroad-track is a place of danger, and that one who goes thereon is bound to know that he is going into a place where he is subject to the dangers incident to the operation of trains upon that track, it is not there held, nor has it been elsewhere ruled by our Supreme Court or this court, that an instruction to the jury to this effect would be proper, in view of the mandatory inhibition of section 4863 of the

Civil Code, and of the reported rulings of the Supreme Court and this court that questions of negligence are for the jury.

5. Considered in connection with the entire charge, there is no merit in the various grounds of the motion for a new trial assigning error upon the instruction given as to the measure of damages for the life of the deceased. The court expressly instructed the jury that in estimating the present cash value of that life, they should diminish or decrease the figures used in the mortality table, in accordance with "the facts in the particular case under investigation," and further expressly called attention to the diminished capacity to earn money, resulting from advancing years, and directed them "to be governed by the facts and circumstances as proved, feebleness of health, actual sickness, the loss of employment, voluntarily abstaining from work, the increasing infirmities of age, with a corresponding diminution of earning capacity, and other causes," and directed them to make proper allowance and deduction for any diminution in earning capacity resulting from any of these causes. The remaining objections urged as to the instruction as given are without merit.

6. There is no substantial merit in any of the other assignments of error, and the trial court did not err in overruling the motion for a new trial.

DECIDED MAY 15, 1918.

Action for damages; from Bartow superior court—Judge Tarver. October 9, 1917.

*Tye, Peeples & Tye, Neel & Neel,* for plaintiff in error.

*Atkinson & Born, J. R. Whitaker,* contra.

WADE, C. J. We do not deem it necessary to consider in detail all the questions passed upon in the headnotes above, or to refer specifically to the grounds of the motion for a new trial which are covered by the general holding in the last headnote. Two of the grounds of the motion for a new trial which are not specifically referred to in the headnotes may perhaps require some slight reference. The 4th ground of the motion for a new trial assigns error upon the following charge: "If the defendant company and its employees were negligent, and the plaintiff, J. F. Jarrett, or his wife, Mrs. J. F. Jarrett, were negligent, the plaintiffs might nevertheless recover if the negligence of the plaintiff, J. F. Jarrett, or the negligence of his wife did not amount to a failure to exercise ordinary care, and if they could not by the exercise of ordinary care have avoided the homicide." It is insisted (a) that this charge authorized the jury to find a verdict against the defendant for any negligence of the defendant or its employees, without restricting the same to the acts of negligence complained of in the plaintiff's petition. The reply to this objection may be found in the explicit

instruction elsewhere given to the jury that "the plaintiffs, if entitled to recover, would be entitled to recover solely on account of the acts of negligence alleged in their petition, if those acts occurred, and if they were negligent acts, and if the homicide occurred as a proximate result thereof." Neither is the objection (*b*) well taken, that this charge authorized the jury to find a verdict against the defendant if the negligence of either the plaintiff J. F. Jarrett or the negligence of his wife (the deceased) did not amount to a failure to exercise ordinary care,—that it permitted "a recovery by plaintiffs if either the plaintiff J. F. Jarrett, or his wife, Mrs. J. F. Jarrett, was negligent in a less degree than the exercise of ordinary care, even though the other one of said persons was negligent to a degree amounting to a failure to exercise ordinary care." The court instructed the jury that a recovery might be had if the defendant was negligent and Jarrett and his wife were likewise negligent, in the event "the negligence of the plaintiff, J. F. Jarrett, or the negligence of his wife, did not amount to a failure to exercise ordinary care, and if *they* [italics ours] could not by the exercise of ordinary care have avoided the homicide." Clearly, the jury must have understood from this instruction that a failure on the part of either the plaintiff Jarrett or his deceased wife to exercise ordinary care would defeat any recovery. Likewise the objection (*c*) that this instruction was lacking in clearness and was confusing, when considered in connection with the entire charge, is without merit. The last objection (*d*) suggested as to this excerpt is that it authorized the jury to award a verdict in favor of the plaintiffs without diminishing the amount in proportion to the amount of default attributable to the plaintiff, J. F. Jarrett, or his deceased wife. This last objection is covered by the ruling in the third headnote above, which is hereinafter discussed.

The 5th ground of the motion for a new trial complains of the following excerpt from the charge of the court: "When the injury is shown, or the homicide is shown as I have stated, which is admitted by the defendant company in this case, to have taken place in the operation of its train of cars, the presumption arises that the railway company was negligent in each of the particulars alleged in the declaration, and the burden would be upon the railway company to show that its employees exercised ordinary and reason-

able care and diligence on the occasion in question, and unless it does so, the plaintiffs can recover, provided the plaintiff J. F. Jarrett, or his wife, Mrs. J. F. Jarrett, could not by the exercise of ordinary care have avoided the injury;" the complaint being that this charge "authorized the jury to find a verdict for the plaintiffs, on the failure of the defendant to show that its employees exercised ordinary and reasonable care and diligence on 'the occasion in question, provided the plaintiff, J. F. Jarrett, *or* [italics ours] his wife, Mrs. J. F. Jarrett, could not by the exercise of ordinary care have avoided the injury." It is urged that this instruction permitted the plaintiffs to recover if *either* Jarrett or his wife could *not* have avoided the injury by the exercise of ordinary care, notwithstanding the other one of said two persons *could* have avoided the injury by the exercise of such care. The court told the jury that the plaintiffs could only recover provided the plaintiff Jarrett "or" his wife could not by the exercise of ordinary care have avoided the injury. Clearly, under this instruction, the jury would have been compelled to find for the defendant if they had determined under the evidence that Jarrett himself could have avoided the injury by the exercise of ordinary care, *or* that Mrs. Jarrett could have avoided the injury by the exercise of a like degree of care; so that, under this instruction, a failure to exercise ordinary care by *either or both* of the plaintiffs would have prevented a recovery. This ground is therefore obviously without merit.

The grounds of the motion for a new trial covered by the 3d headnote are the only grounds that we think it necessary to discuss. That headnote covers the exceptions taken in the 6th, 7th, and 8th grounds.. To state briefly the points raised thereby, it is insisted that the court erred in failing to give, in any portion of the charge, instructions as to the diminution of damages in proportion to the amount of default attributable to the plaintiff J. F. Jarrett or to his deceased wife, in the event they should find from the evidence that the agents and employees of the defendant were guilty of negligence amounting to a lack of ordinary and reasonable care and diligence in causing the homicide complained of, and that there was also some degree of negligence, though not amounting to a lack of ordinary care, on the part of said Jarrett and his said wife, or either of them, in causing or contributing to the homicide complained of, or in failing to prevent or avoid the same.

It is complained that the court instructed the jury that if the negligence of the plaintiff J. F. Jarrett "did not amount to a failure to exercise ordinary care, he might nevertheless recover in accordance with the rules as to apportionment of damages, which I will hereafter give you in charge," and that the court failed altogether to thereafter give in charge any rules as to the apportionment of damages in such cases, but later instructed them, "in the event you find for the plaintiffs, you should find for them the full value of the life of the deceased, unless you decide to apportion the damages in accordance with the rules I have heretofore given you in charge." The judge advised the jury of his intention to instruct them *thereafter* touching the diminution of the damages to be awarded on account of the comparative negligence of the deceased and of the plaintiff J. F. Jarrett, not amounting to a want of ordinary care, and subsequently directed them to award damages in accordance with the rules *previously* given, and at no time did he instruct the jury how or in what manner they should diminish the damages awarded to the plaintiffs in the event they concluded that the plaintiffs were entitled to a recovery, but the plaintiff J. F. Jarrett and his wife, or either of them, had been guilty of some negligence which contributed to the injury, not amounting to a failure to exercise ordinary care. It is too well settled to require more than a reference thereto that where there is no plea setting up contributory negligence on the part of the deceased or the plaintiff, it is not a good ground for a new trial that the court fails, in charging the jury upon the measure of damages, to instruct them that contributory negligence would go in mitigation thereof, unless a timely written request for such instructions is made. See *Western & Atlantic R. Co.* v. *Watkins,* 14 *Ga. App.* 388, 393 (80 S. E. 916), and cases there cited. It is conceded by able counsel that both the Supreme Court and this court have repeatedly held that where contributory negligence is not pleaded by the defendant, the failure of the court to charge on the subject of the apportionment of damages will not be reversible error in the absence of a request from the defendant for such a charge. See, in this connection, *Louisville & Nashville R. Co.* v. *Smith,* 136 Ga. 455 (77 S. E. 774). However, it is urged by the plaintiff in error that since the plea filed by the defendant in this case specifically alleged a failure on the part of the deceased wife and

of her husband (one of the plaintiffs) to exercise ordinary care in seeking to avoid the collision with a train of the defendant company, which furnished the basis for this suit, the contributory negligence or comparative negligence of the plaintiff J. F. Jarrett was so far pleaded as to require a charge on the question of apportionment of damages, without any written request therefor, as it was one of the vital contentions raised by the pleadings and directly involved in the case. It is urged in support of this view that the plea charging such negligence on the part of the husband of the deceased (who was with her at the time of the fatal occurrence) as amounted to a lack of ordinary care "necessarily included contributory negligence of less degree than lack of ordinary care," and therefore the judge, without request, should have charged on the subject of apportionment of damages and comparative negligence. The sole point for decision is whether or not the failure of the judge to charge on this subject, in the absence of a request or of a specifice plea setting up this defense, is nevertheless reversible error, for the reason that the plea actually filed alleged such a lack of ordinary care on the part of one of the plaintiffs and of the deceased as would bar any recovery whatever.

It is clear to us that a plea setting up as a *complete* bar to any recovery whatsoever an alleged want of ordinary care on the part of the deceased and of her husband was an entirely distinct and separate defense from the defense of comparative negligence, authorizing the jury to diminish the recovery where the negligence of the plaintiff or of the deceased did not amount to an entire lack of ordinary care, and that the former plea would not include the latter. In the case of *Louisville & Nashville R. Co.* v. *Smith*, supra, it was said: "Where contributory negligence of the plaintiff is not pleaded either as a complete defense or in mitigation of damages, it is not ground for new trial, in the absence of a written request, that the court omitted from his instructions the principle that if plaintiff and defendant are both at fault, the former may recover, but that his damages will be diminished in proportion to the amount of default attributable to him." This would seem to *intimate* that where the contributory negligence of the plaintiff is pleaded *only* as a complete defense, the court should instruct the jury, without any request, that where the plaintiff and the defendant are both at fault, the former may recover, but his dam-

ages will be diminished in proportion to the amount of default attributable to him. However, in the case of *Southern Ry. Co.* v. *Hooper,* 110 *Ga.* 779 (36 S. E. 232), which is cited in support of this ruling, it is squarely held that "It was not erroneous to fail to charge on the subject of contributory negligence and apportionment of damages, there being no request to charge to this effect, and it affirmatively appearing that no such contention was made at the trial." It was likewise held in *Daniels* v. *Athens,* 55 *Ga.* 609 (7), that "The law in regard to negligence and its effect, both as respects the plaintiff and the defendant, having been substantially given by the court, and no request having been made in writing or otherwise, to amend the charge by calling the attention of the court to the doctrine of contributory negligence, this court will not direct a new trial, although the court below omitted to charge upon that subject, especially as the verdict of the jury probably turned upon the other points made by the pleadings." In *Cavanaugh* v. *Biggin,* 9 *Ga. App.* 466 (71 S. E. 779), this court held that there was no error in the failure of the court to submit to the jury the law relating to comparative negligence or diminution of damages in the absence of any request, notwithstanding it appears from the recitals in that opinion that the defendant insisted that the plaintiff was not entitled to recover any damages whatever, both because the defendant was without fault and because the injuries complained of were due entirely to the negligence of the plaintiff. However, it appears that in that case the decision was based upon the fact that the evidence introduced in behalf of the defendant tended to establish the theory, insisted upon by the defendant, that the injuries complained of were due entirely to the negligence of the plaintiff, and therefore the law of comparative negligence, or diminution of damages, was not necessarily applicable. A somewhat different question was consequently there involved than the question we now find it necessary to decide.

In *Savannah Electric Co.* v. *Crawford,* 130 *Ga.* 421 (60 S. E. 1056), the issue was presented whether the court erred in failing to charge the law in regard to the apportionment of damages if the plaintiff was at fault, but the fault of the plaintiff was not such as to bar a recovery, and Mr. Justice Lumpkin said, in delivering the opinion of the court: "It has been held several times, in suits of this character, that where the law upon the question of negli-

gence, as it affects the plaintiff's right to recover and the right of
the defendant to have a judgment rendered in its favor, has been
substantially and fairly submitted to the jury, and where the law
in reference to contributory negligence (comparative negligence
affecting the amount of the recovery) is not, under the conten-
tions of the parties, directly involved in the case, this court will
not reverse the judgment of the lower court, overruling a motion
for a new trial, because the court failed to charge the law applicable
to such negligence, when there was no request to charge upon that
subject." It will be seen from this excerpt from the opinion that
the law in reference to contributory negligence in that case was
not, "under the contentions of the parties," directly involved in
the case; or, in other words, no distinct plea was interposed by the
defendant which set up any claim for a diminution of damages on
account of negligence of the plaintiff, not sufficient to bar a re-
covery. The learned Justice said in the same case (pp. 424, 425):
"Confusion sometimes arises from the use of the expression 'con-
tributory negligence.' In most jurisdictions contributory negli-
gence is used as referring to such negligence on the part of the
plaintiff, contributing to causing the injury to himself, as will pre-
vent a recovery by him. In this State we have a doctrine, which
is sometimes called that of comparative negligence, under which,
if the plaintiff is not without fault, but his negligence does not
amount to such a failure to use ordinary care as will prevent a
recovery, he may recover damages of the defendant, in a proper
case, but the amount of his recovery will be reduced in proportion
to the amount of default attributable to him. In this sense the
term 'contributory negligence' will generally be found to have been
used in Georgia, rather than in the sense of negligence which will
prevent a recovery. The pleadings in this case did not make any
distinct issue as to comparative negligence and apportionment of
damages. It may be gravely doubted whether the evidence pre-
sented any such theory. Certainly, under the decisions above
cited, it was not so involved in the case as a distinct and essential
issue that the court was required to charge on the subject without
a request. In his order overruling the motion for a new trial, he
stated that no request oral or written was made for such a charge.
The issue of liability or no liability, which was directly involved,
was fully covered by the charge, and also the effect of the negli-
gence of one party or that of the other upon that issue." It will be

observed that in this last quotation from that opinion it is distinctly asserted that "the pleadings in this case did not make any *distinct issue* [italics ours] as to comparative negligence and apportionment of damages."

In the recent case of *Central of Georgia Ry. Co.* v. *Hill*, 21 *Ga. App.* 231 (94 S. E. 50), it was held that there was no reversible error in the failure of the court to give in charge to the jury the law of contributory negligence (comparative negligence) and apportionment of damages where the question was not raised by the pleadings, and there was no written request so to charge; and it was further said that "it is not reversible error for the court to fail to give in charge to the jury the law of contributory negligence, and apportionment of damages, where it is not, *under the contentions of the parties* [italics ours], directly involved in the case, and when there is no request to charge upon that subject." By reference to the original record in the case last referred to, it will be found that it was distinctly pleaded by the defendant in that case that if the defendant was injured "it was on account of his own negligence, and the defendant company owed him no duty at said time and place, and by the exercise of ordinary care he could have avoided any injury to himself." It will likewise appear from an examination of the record in that case that there was no effort to specifically plead comparative negligence, or to set up the right of the defendant to have the damages assessed against it diminished on account of negligence of the plaintiff not amounting to a want of ordinary care. The ruling, therefore, of this court in the *Hill* case, supra, is an exact adjudication of the precise question involved in this case. The record in the case sub judice discloses that the defendant, in detail, explicitly, definitely, and repeatedly pleaded a want of ordinary care on the part of the deceased and of her husband (one of the plaintiffs), as a complete defense and entire bar to any recovery whatsoever against it. However, in the plea of the defendant it is nowhere suggested or intimated that either the plaintiff J. F. Jarrett or the deceased or both were chargeable with such negligence not amounting to a want of ordinary care, and not constituting an entire bar to any recovery, as would serve to *diminish* the amount of damages to be awarded by the jury. The ruling in the *Hill* case, supra, therefore is directly applicable. It is evident from the record that the trial judge in-

tended, and only by oversight omitted, to instruct the jury on this subject, notwithstanding no such issue was distinctly raised by the pleadings in the case, but he altogether failed to do so, and we do not think his reference to the subject was sufficient in the light of the entire charge to have confused or misled the jury.

In *Western & Atlantic R. Co.* v. *Smith,* 145 *Ga.* 276, 281 (88 S. E. 983), Mr. Justice Lumpkin, in delivering the opinion of the Supreme Court on this subject, expressed his individual opinion to the effect that in an action to recover damages for a personal injury two questions were necessarily involved: first, whether plaintiff is entitled to recover at all; and second, if so, what is the proper measure of damages; and that both of these questions were directly involved, and in order properly to instruct the jury as to the measure of damages, if the evidence so authorized, the rule for diminishing such damages should be given. He suggested very fitly that "it might also be urged if the defendant denies liability altogether, that for it to plead negligence of the plaintiff to diminish damages would have the effect of causing the jury to believe that it substantially admitted that some damages should be recovered." He concluded this expression of his personal opinion, however, with the observation that *the contrary rule* is established by a number of decisions, and with the ruling by the court that "in the present case it would have been better to have given in charge the rule of comparative negligence and its effect in reducing damages. But it can not be held that a reversal will result from a failure to do so, in the absence of any request for such an instruction." While in the average suit of this character it would be apparently bad policy on the part of the defendant to file a plea setting up a claim for a diminution of damages, where it is insisted that no recovery whatever is authorized against the defendant, for the reasons suggested by Mr. Justice Lumpkin, referred to above, a defendant can nevertheless obtain, by a timely written request for a charge on this subject, all the benefit that might be gained by precisely and explicitly pleading this defense, and this without the attendant disadvantages. The defendant in this case neither interposed a plea setting up this special defense, nor made a timely written request for a charge on this subject, and consequently can not obtain a reversal on account of a failure of the trial judge to

submit to the jury a special defense not raised by the pleadings and as to which no charge was requested.

*Judgment affirmed. Jenkins and Luke, JJ., concur.*