29891, 29892.   EIDSON *et al. v.* FELDER *et al.;* and *vice versa.*

DECIDED MARCH 13, 1943.   REHEARING DENIED MARCH 26, 1943.

*A. B. Conger, Martin, Martin & Snow,* for plaintiffs in error.
*Phillip Sheffield, Lowrey Stone, A. H. Gray,* contra.

STEPHENS, P. J. (After stating the foregoing facts.)

1. The evidence for the plaintiff tended to support the allegations of the petition. Therefore, this court having ruled that the petition set out a cause of action against Eidson and Daniel as well as against Maddox, there is no merit in the contention of Eidson and Daniel that the evidence did not authorize a verdict in favor of the plaintiff against them as joint tort-feasors with Maddox, but required a finding that the proximate cause of the death of the plaintiff's husband was the negligence of Maddox, and that no alleged negligence of the driver of the school bus proximately caused the death of her husband and concurred with the negligence of Maddox in causing his death. The verdict against the three defendants was authorized.

2. In the first special ground of the motion for new trial Eidson and Daniel contend that the court erred in not charging to the jury "the principle of law that a guest can not close his eyes to known or obvious dangers arising either from the acts of the host or from the acts of others; and that if there is danger from either cause, and the circumstances are such that it would become apparent to a person of ordinary prudence in like circumstances, then it would be the duty of the guest to do whatever, in the opinion of the jury, a person of ordinary prudence would or should do in the same or like circumstances." There was no request to charge as above quoted. These defendants insist that it was error not to charge the jury as indicated, even without a request, in view of the fact that their answer alleged that the plaintiff's husband was riding in the front seat of the automobile, that he was awake, that he had opportunity to observe the speed of this automobile, and that although Maddox was driving the automobile at more than seventy-five miles an hour the plaintiff's husband did not request him to

slow down, nor did he warn Maddox against passing the school bus at an intersection, or warn him that there was extended from the bus a red and yellow flag indicating the intention of the driver to stop the bus or to make a turn. These defendants contend that in view of these allegations, and of the fact that the evidence "overwhelmingly" sustained them, it was the duty of the judge to instruct the jury specifically as above quoted.

The court charged the jury that the plaintiff could not recover "unless she makes it appear to your satisfaction by a preponderance of the evidence that her deceased husband . . was in the exercise of ordinary care and diligence at the time of the alleged accident;" also that "if you believe by a preponderance of the evidence that the plaintiff's husband . . could have, by the exercise of ordinary care and diligence, avoided the consequences to himself caused by the defendants' negligence, if you find that the defendants or either of the defendants were negligent, then the plaintiff would not be entitled to recover." The court followed these instructions by defining to the jury the meaning of ordinary care and diligence as set out in the Code, § 105-201. The court also charged as follows: "If you should find from the evidence that the defendant S. G. Maddox was negligent in certain particulars, and that the defendants Eidson and Daniel were negligent in certain particulars, and that the deceased I. D. Felder was negligent in failing to exercise ordinary care for his own safety, and if you should further find the negligence of I. D. Felder was equal to or greater than the negligence of the defendants Eidson and Daniel, your verdict should be in favor of the defendants Eidson and Daniel, even though you should find that the negligence of Eidson and Daniel concurred in and contributed with the negligence of Maddox in causing Felder's death." Under the facts of this case it was not error for the court to fail to charge the jury in the language set out in this ground. If these defendants had desired a more detailed instruction relative to the negligence of the plaintiff's husband a written request therefor should have been made. See *Black & White Cab Co.* v. *Smith,* 48 *Ga. App.* 566 (173 S. E. 206); *Georgia Power Co.* v. *Jones,* 54 *Ga. App.* 578, 586 (188 S. E. 566). Nothing to the contrary was held in *Whatley* v. *Henry,* 65 *Ga. App.* 668, 673 (16 S. E. 2d, 214). The pleadings and the evidence did not require the court, in the absence of a special request, to charge

the jury as contended. The present case is not like such cases as *Southern Cotton-Oil Co.* v. *Caleb,* 143 *Ga.* 585 (85 S. E. 707), and *Atlanta &c. Railway Co.* v. *Gardner,* 122 *Ga.* 82 (8) (49 S. E. 818). The ruling now made, relatively to the principle contended for in this ground, does not conflict with the decisions in *Russell* v. *Bayne,* 45 *Ga. App.* 55 (163 S. E. 290), *Mann* v. *Harmon,* 62 *Ga. App.* 231 (5) (8 S. E. 2d, 549).

3. The plaintiff was seeking to recover against all three of the defendants. Therefore it was not error for the court to charge the jury as follows: "I charge you that in the case at bar, if you find from the evidence that the plaintiff's husband . . was riding by the invitation and gratuitously in the automobile of the defendant S. G. Maddox, then under such circumstances there arose the duty on the part of the defendant Maddox to exercise only slight care for the safety of the plaintiff's husband, and plaintiff's said husband assumed the risk and the ordinary perils of the highway, and also assumed the ordinary risk incurred by reason of any ordinary neglect on the part of the defendant; and I further charge you that the burden would be upon the plaintiff to prove in this case by a preponderance of the evidence that her said husband's homicide was caused by the defendant's negligence in driving, and that this negligence amounted to gross negligence, and was not a risk of the ordinary perils of the highway, and of ordinary negligence on the part of the defendant Maddox; otherwise, you should find in favor of the defendant Maddox and against the plaintiff." The contention of Eidson and Daniel, that this charge, even if abstractly correct as related to the issue between the plaintiff and Maddox, was erroneous as to them, because the jury were authorized thereby to conclude that there was no duty on the part of the plaintiff's husband to take any steps for his own protection in so far as the plaintiff's right to recover against Eidson and Daniel was concerned, is without any merit. The plaintiff was seeking to recover against Maddox as well as against Eidson and Daniel, and it was incumbent on the court to charge the law relatively to the plaintiff and Maddox as well as to the plaintiff and the other defendants. The charge, even if error, would not have been error as against Eidson and Daniel. It was not subject to the criticism of these defendants; and the jury were not authorized thereby to conclude that it was not the duty of the plaintiff's husband to take

any steps for his own protection in so far as these defendants were concerned. The court in the charge as a whole sufficiently charged the jury as to the duty of the plaintiff's husband to exercise ordinary care for his own safety, relatively to all of the defendants. The court can not charge all of the law applicable in one breath. The court here was charging the law applicable to Maddox, and not the law as to the other defendants.

4. There is no merit in the contention in ground 3, that the judge erred "in failing to charge the jury that in the event they found that the deceased was negligent, but his negligence was less than that of the defendants, the damages should be diminished in proportion to the amount of fault attributable to the plaintiff's husband." There was no request for this principle. Comparative negligence was not pleaded by these defendants in reduction or mitigation of damages; and therefore this defense was not directly involved, and in the absence of a timely request the judge did not commit error in not charging thereon. *W. & A. Railroad* v. *Jarrett*, 22 *Ga. App.* 313 (3), 319 (96 S. E. 17).

5. The court charged the jury as follows: "The degree of care and foresight which is necessary to use in any given case must always be in proportion to the nature and magnitude of the injury that will be likely to result from the occurrence which is to be anticipated and guarded against." In ground 4 Eidson and Daniel assign error on this excerpt. They contend that the above instruction was calculated to make the jury believe that they owed to the plaintiff's husband the duty of extraordinary care, for the reason that Daniel was driving the school bus in which there were between twenty-five and thirty school children, and to these children these defendants owed the duty of extraordinary care. This charge is not error for any of the reasons assigned.

6. The court did not err in charging the jury "that the operator intending to stop, or to turn his vehicle to the left or right, shall extend the hand or arm horizontally from and beyond the left side of the vehicle." The operator of a motor vehicle on the public highways of this State is required by statute to do as stated in the charge. Code, § 68-303 (f). In *Folds* v. *Auto Mutual Indemnity Co.*, 55 *Ga. App.* 198 (189 S. E. 711), this court held: "The operator of a motor vehicle who intends to stop is not relieved from the statutory obligation to extend his arm horizontally as a

warning by the fact that his vehicle is equipped with a device which, on applying the brakes, causes red lights and a 'stop' sign to be displayed on its rear." It follows that the operator of the bus who intends to stop or to make a turn to the left or right is not relieved from the statutory obligation to extend his arm horizontally, as a warning or signal that he so intends, by the fact that his vehicle is equipped with a red and yellow flag which he causes to extend horizontally on the left side of his bus when he intends to stop or to make a turn.

7. While Maddox was being cross-examined the plaintiff's counsel asked him this question: "Did you have an occasion to observe the extension from that bus of a little flag?" Maddox answered, "I did not." Thereupon counsel stated: "To keep the record clear by an agreement of opposing counsel, it is understood that the matter, or anything said by the witness about a little flag, that we object. If it was being used, it would be no notice to any one. The law requires you to put your hand out, and it would not have any probative value, and is irrelevant and immaterial." The court replied, "Overruled. I will let it go in for the purpose for the jury to consider as to what care and caution the driver took at that time." These defendants assign error on this ruling in limiting the admission of evidence relatively to the red and yellow flag. We think the ruling was correct. This court has ruled in effect that the State statute (Code, § 68-303 (f)) as to extending the arm horizontally is not superseded by some mechanical attachment on the vehicle placed there for the purpose of signalling to other users of the highway the intention of the driver to stop his vehicle or make a turn.

8. The court did not err in refusing to permit R. H. Weaver, a State patrolman, to testify in behalf of these defendants that in his judgment a red and yellow flag extended from the school bus would be much more visible than the arm or hand of the driver extended horizontally, as required by the State statute.

9. A witness called by these defendants, while being cross-examined by counsel for Maddox, was asked whether he saw the automobile of Maddox before it struck the bus. He answered: "Yes, sir; and it was really and truly flying." Counsel for Maddox objected to the answer as not responsive and as stating a conclusion, and the court sustained the objection. While perhaps the court

should have permitted the answer, a new trial will not be granted for that reason.

None of the grounds of the motion showing error, and it appearing that the verdict of $10,000 for the death of plaintiff's husband (who, as shown by the evidence, earned about $10,000 a year and at the time of his death was sixty-five years of age and had an expectancy of 11.79 years) was not excessive, and was authorized by the evidence, the court did not err in overruling the motion for new trial.

*Judgment affirmed on both bills of exceptions. Sutton J., concurs.*

Felton, J., dissents from the ruling in division 2, and from the affirmance on the main bill of exceptions. He concurs in the affirmance on the cross-bill.