29857. CALLAWAY, trustee, *v.* FISCHER.

DECIDED MARCH 19, 1943. REHEARING DENIED MARCH 30, 1943.

252

*Beck, Goodrich & Beck,* for plaintiff in error.

*Christopher & Fulral,* contra.

PER CURIAM. 1. The first special ground of the motion complains that the amount of the verdict was excessive. The evidence shows that the plaintiff was seriously injured when she was thrown

from the automobile upon the pavement. Her head was severely injured, two ribs were broken, her left arm was broken, her right leg was injured, and she was confined to the hospital and her bed for about two months. No question is raised in the record as to the admission or rejection of any evidence that would have prejudiced the minds of the jury, nor is anything pointed out in the record to indicate that the jury was in any way unduly or improperly influenced to render the verdict. "The question of damages being one for the jury, the court should not interfere, unless the damages are either so small or so excessive as to justify the inference of gross mistake or undue bias." Code, § 105-2015. The amount of damages was fixed by the jury after hearing the evidence, and the verdict was approved by the judge; and from the record here presented it can not be held by this court that the amount was so excessive as to justify the inference of gross mistake or undue bias. *Langran* v. *Hodges,* 60 *Ga. App.* 567 (4) (4 S. E. 2d, 489).

2. The following charge was excepted to: "Now, gentlemen, the plaintiff sues for $15,000. You can not give a verdict for more than the plaintiff sues for, but you can give a verdict in favor of the plaintiff, as I have already instructed you, for any amount you see fit and proper, under the evidence and rules of law I have given you in charge, less than $15,000. You could not return a verdict for the plaintiff in any event for more than she sues for in her petition, which is $15,000, if you find she is entitled to anything at all." The errors assigned are: "(a) Because said charge was an expression or intimation by the judge as to what had or had not been proved. (b) Because said charge was calculated to confuse and mislead the jury, and erroneously conveyed to the jury an intimation that a finding that the plaintiff's damages amounted to $15,000 was justified by the evidence, and would be approved by the court. (c) Because the court failed to explain that the sum claimed, $15,000, should not be taken as a criterion to act upon, but only as a limit beyond which the jury could not go. And said charge was calculated to impress the jury that the $15,000 might be taken as a criterion to act upon. (d) Because the said sum of $15,000 was grossly excessive, and it was error for the court to instruct the jury that they were authorized to award that amount." The charge was not reversible error for any reason assigned. The

verdict was for $7500. If the charge did express or intimate an opinion that damages in excess of $7500 had been proved and were authorized, the jury did not act on the instruction as so construed, and it was not harmful.

3. Ground 3 complains that the court erred in failing to give to the jury the following requested charge: "While the negligence of the driver of an automobile is not imputable to a guest in the automobile, I charge you that a guest riding in an automobile must act as a person of ordinary prudence where obvious danger arises from the acts of the driver." The judge substantially gave this principle of law in charge to the jury several times in his general charge. He charged the jury with respect to this principle as follows: "The degree of care and diligence required of the plaintiff is ordinary care and diligence. The degree of care and diligence of the defendant is ordinary care and diligence. I charge you that if you should find, under the evidence and rules of law I give you in charge, that the defendant was negligent, and that the plaintiff could have avoided the consequences of defendant's negligence after it was apparent or should reasonably have been apprehended by her by the exercise of ordinary care and diligence, the plaintiff would not be entitled to a verdict against the defendant. I further charge you, gentlemen of the jury, that if you should determine, from a consideration of the evidence under the rules of law I give you in charge, that the defendant was negligent in a degree amounting to a failure to exercise ordinary care and diligence, and that as a result of such negligence of the defendant the plaintiff sustained damages, and that the plaintiff could not have avoided the consequences of such negligence of the defendant by the exercise of ordinary care and diligence after the same was apparent or should have been apparent to her, I charge you that the plaintiff would be entitled to a verdict at your hands. Now, gentlemen of the jury, the defendant contends that these alleged injuries to the plaintiff in this case were brought about by the sole and proximate negligence of the plaintiff's husband. In that connection I charge you, gentlemen of the jury, that while the negligence of the driver of an automobile may not be imputed to a guest riding in the automobile, but if you find from the evidence that the negligence of the driver, if he was negligent, was the sole proximate cause of the injury to the guest, then in that event the guest would not be entitled to recover from a third person."

Much has been written on this subject in the decisions of the Supreme Court and of this court, and it has generally been held error for the court to refuse to give a pertinent legal charge in the language requested, unless the judge substantially gave the requested charge in his general charge; but where he did so, it has been deemed and held sufficient. As was said in *Southern Ry. Co.* v. *Reynolds,* 126 *Ga.* 657 (3) (55 S. E. 1039), "The court is not bound to charge in the exact language of a request; and a new trial will not be granted because of a refusal to charge as requested, when the charge given substantially covers the request." The allegation in paragraph 20 of the petition, that the plaintiff "was in the exercise of ordinary care and diligence," which was denied by the defendant, is not necessarily an allegation of due care and diligence on the part of the plaintiff before the negligence of the defendant was apparent, or in the exercise of ordinary care should become apparent to the plaintiff. The defendant expressly alleges in his plea that the plaintiff, by the exercise of ordinary care, could have avoided the consequences of the alleged negligence of the defendant. While the plaintiff testified that while traveling with the driver of the car, who was her husband, she always maintained a lookout, and that on this occasion she looked in one direction and did not see a train, and looked in another direction and then saw the approaching train, and that she did not hear or see the train until the moment before it hit the automobile in which she was riding, it appears that the only negligence that could in any way be charged to the plaintiff, if any, was that she was negligent in failing to avoid the consequences of any negligence of the defendant. Under the record, no reversible error is shown in this ground of the motion.

4. Ground 4 alleges that "the court nowhere charged the jury that no person shall recover damages from a railroad company for injury to himself where the same is done by his consent or is caused by his own negligence," and contends that the failure to so charge was error. The judge plainly charged that the plaintiff could not recover except for the alleged acts of negligence on the part of the defendant; that the burden was on her to prove such negligence; and that she could not recover if she could have avoided the consequences of defendant's negligence by the exercise of ordinary care on her part. He also charged that if the negligence of the driver of the automobile (if he was negligent) in which the plain-

tiff was riding, was the sole proximate cause of the injury to the plaintiff, then the plaintiff would not be entitled to recover against the railroad company. In the absence of a special request, we think the general charge was sufficient with respect to the complaint raised in ground 4.

5. It is not error for the court, without a request, to fail to charge on comparative negligence, where the answer of the defendant does not set up such defense. *Western & Atlantic R. Co.* v. *Jarrett,* 22 *Ga. App.* 313 (96 S. E. 17); *Southern Ry. Co.* v. *Weatherby,* 20 *Ga. App.* 399 (93 S. E. 31).

6. The court did not err in charging the jury, as contended by the plaintiff in error in grounds 6, 7, 8, and 9, or in not giving the requested charge as complained of in ground 10.

7. It is contended in ground 11 that the judge erred in charging the jury on the provisions of the law with reference to determining where the preponderance of evidence lies, because he failed to instruct the jury that in determining that issue they may consider the witnesses' "personal credibility so far as the same may legitimately appear from the trial." In charging the Code section 38-107, it is not always reversible error for the judge to omit to give some provision thereof. It is the better practice to charge the section in its entirety; but the failure to charge some provision of that section may or may not be error, depending on the facts of the case. No such harmful error against the plaintiff in error is shown as to require a reversal. *Byrd* v. *Grace,* 43 *Ga. App.* 255 (3) (158 S. E. 467); *Georgia Power Co.* v. *Burger,* 63 *Ga. App.* 784 (2) (11 S. E. 2d, 834); *Western & Atlantic Railroad* v. *Henderson,* 6 *Ga. App.* 385 (65 S. E. 48).

The verdict being authorized by the evidence, and no error of law appearing, the court did not err in overruling the motion for new trial.

*Judgment affirmed. Stephens, P. J., and Sutton, J., concur.*

FELTON, J., dissenting. I am of the opinion that the court erred in refusing the request to charge as set forth in division 3 of the majority opinion. The petition alleged that the plaintiff was in the exercise of ordinary care, and the defendant denied the allegation. The evidence for the defendant was to the effect that at the crossing where the injury took place there was a flagman who flagged the automobile with a stop-sign and a lighted lantern; that

the driver of the automobile approached the crossing at a rate of speed in excess of that provided by an ordinance of the City of Griffin, and failed to stop at the crossing when the same was being flagged by a watchman, which was in violation of a city ordinance, that the approach of the train was signaled by bell and siren; and that the headlights of the engine were burning. The evidence for the plaintiff was to the effect that the driver of the automobile stopped the automobile at the crossing; that no watchman was there; and that they looked and could not see the train, for obstructions, etc. *The plaintiff testified that she and her husband did not say anything to each other at the time.* There was a question for the jury to determine, if they believed the evidence for the defendant, whether the plaintiff exercised ordinary care in not warning her husband of the presence of the watchman, crossing, etc. *Crandall* v. *Sammons,* 62 *Ga. App.* 1 (7 S. E. 2d, 575); *Randall* v. *Duckett,* 53 *Ga. App.* 250 (185 S. E. 394); *Russell* v. *Bayne,* 45 *Ga. App.* 55 (163 S. E. 290); *Howard* v. *Georgia Railway & Power Co.,* 35 *Ga. App.* 273 (133 S. E. 57). While the court several times charged generally that the plaintiff was under the duty to exercise ordinary care, the defendant was entitled to have the more specific charge given in connection with the duty of the plaintiff to exercise care dictated by the obvious danger which the jury was authorized to find was caused by the acts of the driver of the automobile. *Werk* v. *Big Bunker Hill Mining Cor.,* 193 *Ga.* 217 (17 S. E. 2d, 825).

I am also of the opinion that the court erred in not charging the jury as shown in division 4 of the majority opinion. The issue was raised by the pleadings and the evidence. The charge did not fully cover the question whether the plaintiff was in the exercise of ordinary care before the negligence of the defendant became apparent or should have become apparent to her. I think the court erred further, in stating the issues to be decided, in omitting the question whether the injuries were caused by the negligence of the plaintiff. For these reasons I dissent from the judgment of affirmance.