36682.   CITY OF DALTON *v*. HILL.

DECIDED MAY 21, 1957.

*Carlton McCamy,* for plaintiff in error.

*D. W. Mitchell, Jr., Malcolm C. Tarver,* contra.

QUILLIAN, J. 1. The defendant insists that the trial judge erred in failing, without request, to charge the following: "If you should find that both the plaintiff and the defendant were guilty of negligence, but that the negligence of the defendant was greater than the negligence of the plaintiff, the plaintiff would be nevertheless entitled to recover, but the amount of her recovery would be reduced in proportion to the amount of default attributable to law, provided, of course, that the negligence of the plaintiff did not amount to a failure to exercise ordinary care."

The defendant contends comparative negligence was an issue in the case and the trial judge should have given the above quoted charge. In the present case the defendant denied any

negligence on its part and also denied that the plaintiff was exercising ordinary care at the time of her injury. There was no request to charge on the principle of comparative negligence and "no distinct plea was interposed by the defendant which set up any claim for a diminution of damages on account of negligence of the plaintiff, not sufficient to bar a recovery." *Western & A. R. Co.* v. *Jarrett,* 22 *Ga. App.* 313, 321 (96 S. E. 17). Therefore this defense was not directly involved, and in the absence of timely request the trial judge did not err in failing to charge thereon. *Savannah Electric Co.* v. *Crawford,* 130 *Ga.* 421 (60 S. E. 1056); *Ingram* v. *Hilton & Dodge Lumber Co.,* 108 *Ga.* 194 (33 S. E. 961); *Pierce* v. *Atlanta Cotton Mills,* 79 *Ga.* 782 (4 S. E. 381); *L. & N. R. Co.* v. *Smith,* 136 *Ga.* 455 (71 S. E. 774); *Eidson* v. *Felder,* 69 *Ga. App.* 225, 230 (25 S. E. 2d 41); *Callaway* v. *Fischer,* 69 *Ga. App.* 251, 256 (25 S. E. 2d 131). Special ground 1 is without merit.

2. Special ground 2 assigns error on the following charge: "If you find from the evidence that the alleged injury to the plaintiff was caused by the negligence of the city in not repairing the alleged defect in said sidewalk even though you find that someone other than the city made the alleged defect in the sidewalk, and you find that the city had actual knowledge of the alleged defect, or if you find that the city had constructive knowledge of the alleged defects, meaning that the city by the exercise of reasonable diligence could have discoverd the defect, then you should return in favor of the plaintiff in the case." The defendant contends the charge was harmful because it instructed the jury to return a verdict for the plaintiff upon evidence of the defect, without regard to the diligence of the defendant in repairing the same after such knowledge. Just prior to the charge objected to the trial judge gave the following instructions: "A municipal corporation is liable for injuries caused by its neglect or omission to keep its streets and sidewalks in a reasonably safe condition for travel in the ordinary modes; and it is also liable for such injuries caused by its neglect or omission to remedy defects in its public streets or sidewalks, occasioned by the wrongful acts of others. In the latter class of cases the foundation of the action is negligence in failing to

remedy the defects, and in the absence of actual knowledge the municipality is not liable unless the defect occasioned by the wrongful act of another has existed for such length of time as to charge the municipality with notice of its existence.

"If the municipality, in the exercise of reasonable diligence in the performance of its duties, has the means or knowledge of defects in its sidewalk, occasioned by others, and negligently remains ignorant thereof, the municipality is constructively charged with knowledge thereof, and cannot escape liability upon the ground that it did not have actual notice of such defect."

The charge taken as a whole fully covered the diligence required of the defendant in repairing the defective sidewalk. *Griggs* v. *State*, 59 *Ga.* 738; *Brown* v. *State*, 65 *Ga.* 332 (2); *Brooks* v. *State*, 19 *Ga. App.* 45 (90 S. E. 971). Special ground 2 shows no merit.

3. Special ground 3 complains that the trial judge erred in giving the following instructions: "If the city, by the exercise of ordinary care in the performance of its duties, has the means of knowing of the defect in the sidewalk, though caused by others, and the city negligently remains ignorant of the defect, it is equivalent to having actual knowledge of said defect." The defendant contends that the charge is not a correct abstract principle of law. Under the holding of *Bellamy* v. *City of Atlanta*, 75 *Ga.* 167 (2) this ground is without merit.

4. There was sufficient evidence to support the verdict and the general grounds are without merit. *Coker* v. *City of Rome*, 53 *Ga. App.* 533 (186 S. E. 585); *City of Silvertown* v. *Harcourt*, 51 *Ga. App.* 160 (179 S. E. 772); *City of Rome* v. *Hanson*, 57 *Ga. App.* 222, 224 (2) (194 S. E. 887).

*Judgment affirmed. Felton, C. J., and Nichols, J., concur.*